### UNITED STATES v. SEHON CHINN.
#### No. 7399.

District Court, S. D. West Virginia.
June 20, 1947.

L. E. Given, U. S. Atty., of Charleston, W. Va., and Milton J. Ferguson, Asst. U. S. Atty., of Huntington, W. Va., for Government.

Leo J. Meisel, of Huntington, W. Va., for Sehon Chinn.

WATKINS, District Judge.

In May of 1944, Sehon Chinn was convicted upon five indictments charging violation of Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., theft of mail, robbing a post office inspector, and attempt to escape. He was represented by counsel and pleaded guilty to all charges. On May 18, 1944 he was sentenced to serve a total of 16 years on all charges. He is presently at Alcatraz.

While at Alcatraz he has made various pleas to this court for reduction of sentence. After such requests were denied, he filed a motion to vacate sentence upon Indictment No. 7398 charging theft of mail. Such motion was denied by this court. Sehon Chinn v. United States, D.C., 5 F.R.D. 226. Thereafter an appeal was prosecuted and this court was affirmed. Sehon Chinn v. United States, 4 Cir., 157 F.2d 1013.

Chinn has now filed the following motions relating to Indictment No. 7399 (robbing post office inspector) : (1) Motion for leave to file motion for relief from judgment; (2) motion for relief from judgment; (3) motion for leave to withdraw plea of guilty, and (4) motion for-issuance of writ of habeas corpus ad testificandum, to bring him from Alcatraz, Cal., to Huntington, W. Va., to testify in person upon such motions. He requested that counsel be appointed for him and such request was granted. In addition thereto, the defendant, or his counsel, have been furnished with copies of all papers filed, or evidence taken upon the motions. Hearing upon the motions has been continued from time to time until this date to give petitioner an opportunity to produce in affidavit form his own evidence or that of any other witness. Petitioner has availed himself of this privilege by filing his evidence and that of his wife in the form of affidavits. On May 26, 1947, the petition for the writ directing that petitioner be brought across the continent to testify in person was denied. His evidence and that of his wife has been received in affidavit form and considered upon these motions. His presence in Huntington, W. Va., could avail him nothing.

The motion for leave to file the motion for relief from judgment was granted, whereupon the United States filed its answer thereto. The grounds of such motion are as follows :

First, petitioner says that he "did not commit the offense or offenses in Count Two of the Indictment, to which he heretofore interposed the plea of guilty"; and was given a 5-year sentence; that the stat-

ute, 18 U.S.C.A. § 320, under which such count was predicated, only prohibits the robbery of mail matter and does not prohibit the robbery of other property belonging to the United States. There is no merit in this point. Prior to 1935, the statute in question related only to robbery of mail matter, but in 1935 it was amended such as to cover the robbery of "any money or other property of the United States". Here the indictment charges that the petitioner "did rob J. J. Covert, a Post Office Inspector of the United States Postal Department, of certain mail matter and other property of the United States, to-wit, certain papers being a part of the official records of the Post Office Department of the United States * * *" consisting of certain papers and letters.

Second, petitioner says that his assault and robbery of Post Office Inspector Covert was provoked by improper advances made by the latter upon petitioner's wife, Estelle Chinn. This point is so obviously without merit that it does not warrant discussion. If the allegation were true, it would not justify the robbery of the government officer of property belonging to the United States. Furthermore, the evidence shows that such charges now made by petitioner are wholly untrue.

Third, petitioner asserts that before he entered his plea of guilty his lawyer, who is now deceased, told him that only a nominal sentence or fine would be imposed, and that any sentence or fine would run concurrent with the sentence on the selective service violation; and that such plea of guilty was involuntarily entered through deceit and misrepresentation on the part of his counsel. There is no merit in this contention. It is well settled that a defendant is not entitled to withdraw his plea of guilty because of defendant's expectation of leniency, in the absence of showing that such expectation was improperly induced by the prosecution. United States v. Weese, 2 Cir., 145 F.2d 135. Petitioner does not charge that the prosecution in any manner knew or participated in such alleged misrepresentation. More than three years have elapsed since such alleged deceit occurred. In the meantime petitioner has carried on much correspondence with the court and others in an effort to get his sentence reduced, but has never mentioned this alleged deceit on the part of his attorney, who has since died and is not here to meet such charges. At the time sentence was imposed petitioner and the judge talked with each other at length, but no mention of such misrepresentations was then made. Again the evidence adduced on this subject refutes that any such misrepresentations were ever made.

The motion to vacate the sentence and to permit petitioner to withdraw his plea of guilty is denied.