UNITED STATES v. NORSTRAND COR-
PORATION et al. and Leif Norstrand.

No. 269, Docket 20979.

Circuit Court of Appeals, Second Circuit.

May 26, 1948.

Carl E. Ring, of New York City, for appellants.

John F. X. McGohey, U. S. Atty., of New York City (Bruno Schachner, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

In November 1942 a criminal information was filed against the appellants charging them with violations of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq. They pleaded guilty, and on December 8, 1942 they were sentenced jointly and severally to pay a fine of $5,000 on count one, $1,600 on two, and $500 on counts three to fifteen inclusive—a total fine of $7,100. Count one of the information charged that on March 23, 1942 the defendants paid a stated amount in excess of the maximum ceiling price for waste paper delivered to them between February 3 and February 26, 1942. Count two made a similar charge with respect to a payment on April 29, 1942 for waste paper delivered between February 2 and March 28, 1942.

The Emergency Price Control Act was approved on January 30, 1942 but did not become effective until February 11, 1942,[1] and the parties are agreed that the price schedule the defendants are charged with violating did not become effective under the Act until published on February 21, 1942. Through an oversight of their counsel, however, the defendants did not know, when

[1] Galban Lobo Co. v. Henderson, Em.App., 132 F.2d 153, 156, cert. den. 317 U.S. 690, 63 S.Ct. 265, 87 L.Ed. 553.

they pleaded guilty, that the effective date of the price schedule was February 21, 1942. Upon being informed of this five years later, they made a motion in the district court "for relief in the nature of a writ of error coram nobis to set aside and vacate the judgment, fines and plea of guilty in this case" on the ground that counts one and two were defective because some of the transactions alleged therein occurred before the effective date of the price schedule they are charged to have violated. From a denial of this motion they have appealed.

Whether the proper procedure for obtaining such relief as the defendants sought is by writ of error coram nobis or by motion is a matter not free from doubt. In United States v. Mayer, 235 U.S. 55, at 69, 35 S.Ct. 16, 59 L.Ed. 129, the court expressly left open the question whether a writ of error coram nobis is available in the federal courts in a criminal case.[2] Cf. Federal Relief from Civil Judgments, 55 Yale L. J. 623, 671, where the learned authors express the view that the question should be answered in the affirmative. The Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687 deal in Rule 32(d) with setting aside a judgment of conviction and permitting the withdrawal of a plea of guilty, as follows:

"(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

This rule sets no time limitation and would appear to be applicable, though the judgment was entered before the rule was adopted. Upon the argument counsel stated that the fines have not yet been fully paid; and either the case may be considered "pending" for the application of Rule 59 or this is a new proceeding subject to the new rules in any event. However we need not decide whether the matter came before the court by way of error coram nobis or by way of motion under the Rules. In either aspect denial of the relief sought was correct on the merits.

There is no basis for contending that counts one and two charged no crime or that the judgment imposed under those counts is void. It is true that no offense could be committed before February 21st, but the price ceilings were in effect for the last 5 days of the period covered by count one, and for the last 35 days of the period covered by count two; hence the counts were not demurrable. Schefano v. United States, 5 Cir., 84 F.2d 513, 514; Davidson v. United States, 1 Cir., 63 F.2d 90, 91. When a defendant who has pleaded guilty makes application to withdraw his plea, he should at the very least allege that he was not guilty of the charge to which he pleaded. Neither by allegation nor by supporting affidavit did the appellants' motion deny that there were deliveries of waste paper at prices above the ceiling after the price schedule became effective. On the other hand, the government's affidavits showed affirmatively that there were such deliveries in substantial amounts. The substance of the appellants' grievance is that the sentence imposed disappointed their expectations since they thought that by pleading guilty they would get off with a small fine. But such disappointment of expectations affords no valid ground for granting the relief they sought.

Order affirmed.

---

[2] In United States v. Smith, 331 U.S. 469, 475, 67 S.Ct. 1330, 1334, 91 L.Ed. 1610, note 4, the court noting that it had reserved jurisdiction of the question in the Mayer case stated that "it is difficult to conceive of a situation in a federal criminal case today where that remedy would be necessary or appropriate."