**WILLIAMS v. UNITED STATES.**

No. 13598.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1951.

Mallory H. Horton, Miami, Fla., for appellant.

Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Indicted for attempting to evade income taxes in the year 1943 by filing a false and fraudulent return, appellant first pleaded not guilty, later changed his plea to guilty. Four months thereafter, after a pre-sentence investigation and when the trial court was ready to sentence him, the defendant moved to withdraw his plea of guilty and again enter a plea of not guilty, which motion was denied and appellant sentenced under his prior plea of guilty. On each occasion he was accompanied by counsel. There is no charge that he did not fully understand and appreciate the nature and consequences of his plea of guilty. The only question on appeal is whether or not the trial judge abused his discretion in denying the motion to withdraw the plea of guilty.

Courts are always diligent to ascertain whether a plea of guilty was

freely and understandingly entered. A defendant, however, does not have an absolute right to withdraw a plea of guilty, even though the motion so to do be timely made. Such a motion is addressed to the sound, but reviewable, discretion of the trial court. Where it clearly appears that the guilty plea was entered by the defendant in justifiable ignorance of his rights, or that he did not understand the consequences of his actions, or acted as a result of fear, coercion, or mistake, such circumstances are usually held to justify the granting of such a motion. To constitute a sufficient reason for withdrawal of the plea, however, the circumstances must amount to a fraud or imposition upon the defendant, or a misapprehension of his legal rights. Such a motion should never be denied where the ends of justice would be best served by granting it.

Where, however, as here, it appears that when the defendant entered his plea of guilty he knew and understood what was being done, understood the consequences of the plea, was accompanied by competent counsel, and there were present no circumstances of coercion, mistake, fear, or inadvertence, the motion is properly denied. The fact that the defendant is surprised by the severity of the sentence imposed will not alone justify the granting of such a motion. U. S. v. Colonna, 3 Cir., 142 F.2d 210; Goo v. U. S., 9 Cir., 187 F.2d 62; Bergen v. U. S., 8 Cir., 145 F.2d 181.

Affirmed.