The **UNITED STATES** of America,
Appellee,

v.

**Emanuel LESTER, Defendant-Appellant.**

No. 381, Docket 24595.

United States Court of Appeals
Second Circuit.

Argued June 3, 1957.

Decided Aug. 12, 1957.

497

John O. Henderson, U. S. Atty., W. D. N. Y., Buffalo, N. Y. (Leo J. Fallon, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for appellee.

Bernard Tompkins, New York City, (Herbert Edelhertz, New York City, of counsel), for defendant-appellant.

Before HAND, LUMBARD and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

The defendant appeals (1) from an order of July 30, 1956 entered by the U. S. District Court for the Western District of New York denying his motion filed before sentence to withdraw a plea of guilty entered July 13, 1954; and (2) from a subsequent order denying his motion filed after sentence for leave to reargue the prior denied motion.

On December 20, 1951, an indictment containing three counts was filed in the U. S. District Court for the Western District of New York against the defendant and two others.[1] The first count charged the defendant with unlawful importation of merchandise in violation of 18 U.S.C. § 545; the second with aiding in such unlawful importation in violation of 19 U.S.C.A. § 483; and the third with conspiring unlawfully to import merchandise in violation of 18 U.S.C. § 371. The defendant was arraigned on January 14, 1952 at which time he was represented by counsel who entered a plea of not guilty in his behalf. There were no further proceedings until July 13, 1954, when the defendant, without counsel, appeared before District Judge Knight at Jamestown with the Assistant United States Attorney, Cordes, and two U. S. Customs agents; withdrew his earlier plea; and pleaded guilty to the second count of the indictment. Thereupon, on motion of the Government, the first and third counts of the indictment were dismissed. On July 12, the day before he pleaded guilty, the defendant had discussed the indictment with Cordes in the latter's office in Buffalo. Although notice of appearance of counsel for the defendant had been filed on May 20, which appearance had not been withdrawn, the defendant was not accompanied by any lawyer on July 12.[2] The defendant's version of the July 12 meeting is found in his affidavit in support of his motion for leave to reargue. He asserts that Cordes offered to dismiss the first and third counts of the indictment if he would plead guilty to the second. The defendant says he replied that he was innocent of the charges against him and that he had no intention of going to jail. In answer to this he was told that because of his cooperation in other cases he "would get full consideration

---

1. The docket entries show that on April 9, 1956, the trial court ordered the dismissal of the case against one of the defendants and that on March 4, 1955, there was an order to estreat the bail bond of the other.

2. The defendant's original counsel who had pleaded for him on Jan. 14, 1952 deceased in the meantime. The attorney who filed an apearance on May 20, 1954 was a New York City lawyer and does not appear to have ever actively participated in court at any stage of the proceedings.

from the Court" if he pleaded guilty. The defendant further states that he understood this to mean that "nothing would happen" to him. The Government's version of the meeting, while not contradicting the defendant's version in all respects, does differ from it materially. At the July 30, 1956 hearing on the first motion there was testimony on behalf of the Government that the defendant while at Cordes' office and after discussion of the indictment, offered to plead guilty to the second count. Cordes testified that he made no promises to induce the plea. A customs agent who was present at the meeting corroborated this, and further testified that the defendant was told that he might receive a fine or prison term or suspended sentence.

When the defendant changed his plea in open court on the following day neither of these versions was brought out before the trial judge. The entire transcript of these proceedings, a copy of which is set forth in the margin,[3] reveals only that the defendant, in reply to questions from Cordes, indicated that he did not desire the assistance of counsel; that he had received a copy of the indictment; that he understood the charge against him; and that he pleaded guilty to the second count of the indictment. Sentence was not imposed. Over two years elapsed before there were any further proceedings. In the meantime Judge Knight deceased. On July 30, 1956, prior to sentence, the defendant, with new counsel, appeared in the district court before Judge Morgan and moved that his earlier plea of guilty be withdrawn and that he be permitted to plead not guilty. After a hearing, the motion was denied. Sentence was then pronounced. Lester appealed from the denial of his motion. Pending that appeal, on October 23, 1956, the defendant, now represented by yet another lawyer, moved the district court for leave to reargue the previously-denied motion. This motion was also denied. Lester appealed from this decision. We ordered the two appeals consolidated.

On the record before us there can be no doubt but that Judge Knight failed to perform his duty adequately when the plea of guilty was received on July 13, 1954. Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C. provides that the court "shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." While such a determination does not require observance of a particular ritual, United States v. Davis, 7 Cir., 1954, 212 F.2d 264; United States v. Swaggerty, 7 Cir., 1955, 218 F.2d 875, the Rule clearly contemplates that there be something more than a perfunctory examination conducted by the prosecutor that does not serve to inform the judge of the extent of the prisoner's knowledge of the consequences of his choice of a guilty plea.[4] A mere routine inquiry—

---

3. "Mr. Cordes: To plead. Mr. Lester you were previously arraigned in this case on January 14, 1952, at which time you entered a plea of not guilty. I wish to advise you before we proceed any further that you have a right to have counsel, that is a lawyer, now or any other stage of this proceeding. Do you wish to have a lawyer now or at any stage?

"Defendant: No, sir.

"Mr. Cordes: Counsel waived. Will the record show that Mr. Lester has already received a copy of the indictment and will you state for the record that you have received a copy of the indictment?

"Defendant: Yes.

"Mr. Cordes: The Grand Jury charges

in three counts—Inasmuch as the United States is going to move to dismiss the first and third counts I will simply read the second count to which the defendant states he wishes to plead. (Indictment read.) Mr. Lester, do you understand that charge?

"Defendant: Yes.

"Mr. Cordes: How do you plead?

"Defendant: Guilty.

"Mr. Cordes: Plea of guilty entered to the second count of the indictment and the United States moves to dismiss the first and third counts.

"The Court: August 9th.

"Mr. Cordes: It is satisfactory that bail be continued."

4. Rule 11 provides that the arraigning judge may in his discretion refuse to ac-

the asking of several standard questions —will not suffice to discharge the duty of the trial court. It is the duty of a federal judge before accepting a plea of guilty to thoroughly investigate the circumstances under which it is made. United States v. Davis, supra. Cf. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Kercheval v. United States, 1927, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. Even when the defendant is represented by counsel it has been held that the mere statement of the accused that he understands the charge against him does not relieve the court of the responsibility of further inquiry. United States v. Davis, supra. When, as in the present case, the defendant appears before the court without the benefit of counsel an even more exacting inquiry is demanded. Comprehension of the charge demands more than familiarity with the crime alleged. The court must determine whether the plea has been improperly induced by the prosecutor and whether the defendant is aware of "the nature of the charges, the statutory offenses included within them, and the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309. Smith v. United States, 5 Cir., 1956, 238 F.2d 925. Such a determination may be made only by a penetrating and comprehensive examination of all the circumstances under which the plea is made.

■ The failure of the district court to conduct such an inquiry at the time the plea was entered denied the defendant the protection which he was entitled to receive from a federal judge. The inadequacy of those proceedings does not, however, constitute reversible error in the absence of a showing that at the time the plea of guilty was entered the defendant had, as claimed, been misled by the Government. Cf. United States v. Davis, supra. It was this issue which was raised by the motions the denial of which is the subject of this appeal.

■■ The motion for withdrawal of the plea of guilty was based upon the ground that the defendant believed, at the time the plea was entered, that he was pleading guilty to a misdemeanor and not to a felony. The trial court affirmatively found against the defendant on this issue. This finding of the trial court would have been sufficient to require affirmance by us of his disposition of the motion if it had not been for the inadequacy of the prior proceedings before Judge Knight. The withdrawal of a plea of guilty is not, in the federal courts, a legal right. Rule 32(d), Federal Rules of Criminal Procedure. Permission to withdraw the plea may be granted at the discretion of the trial court and a denial thereof is reversible only if it appears that there has been an abuse of discretion. Williams v. United States, 5 Cir., 1951, 192 F.2d 39; Richardson v. United States, 8 Cir., 1954, 217 F.2d 696; Stidham v. United States, 8 Cir., 1948, 170 F.2d 294. But we think that the failure of Judge Knight to fully perform his duty when he accepted the guilty plea made it mandatory upon Judge Morgan, when Lester sought to withdraw that plea, to ascertain whether the guilty plea was made with a full understanding of the likely consequences. Since the record does not disclose that such a determination was made, the motion of the defendant for leave to reargue his prior motion should have been granted.

This is not the customary situation in which the defendant seeks to withdraw his plea because of disappointment over the severity of the sentence. See, e. g., United States v. Norstrand, 2 Cir., 1948,

cept a plea of guilty. We do not decide whether a judge should refuse a plea of guilty when made by one who asserts his innocence but enters the plea with full understanding of the nature of the charge and the consequences of his action.

168 F.2d 481; United States v. Sehon Chinn, D.C.S.D.W.Va.1947, 74 F.Supp. 189, affirmed 4 Cir., 1947, 163 F.2d 876. Nor is this a case in which the defendant, by failing to deny his guilt, seeks only "to 'throw dust in a juryman's eyes, or hoodwink a judge who is not overwise.'" United States v. Paglia, 2 Cir., 1951, 190 F.2d 445, 448; United States v. Norstrand, 2 Cir., 1948, 168 F.2d 481. The defendant has repeatedly asserted his innocence, claiming that he pleaded guilty only because the prosecutor led him to believe that such a plea would not result in a prison sentence.

■■■ Surely the standard for determining whether a plea of guilty should be withdrawn prior to sentence under Rule 32(d) is not less favorable to the defendant than the standard for acceptance of such a plea under Rule 11. Rule 11 provides than a plea of guilty shall not be accepted unless it is voluntary. This requirement is not satisfied if the plea is entered by one who is not fully aware of the consequences of his plea, nor fully aware of the extent to which reliance may safely be placed upon any representations which may have been made by the prosecutor or any other government officials.[5] Shelton v. United States, 5 Cir., 246 F.2d 571; cf. Kercheval v. United States, supra; United States v. Sehon Chinn, supra; United States v. Norstrand, supra. The defendant here has the burden of establishing that he entered his plea of guilty relying upon commitments made by the prosecutor and that he was unaware that such commitments were not binding upon the trial court, cf. Bergen v. United States, 8 Cir., 1944, 145 F.2d 181. If he is able to sustain this burden, his motion to withdraw his plea should be granted.

■■■ In his affidavit submitted in support of the motion for leave to reargue, the defendant does not claim that the Assistant United States Attorney

made an unambiguous promise that no prison sentence would be imposed. He merely states: "he [the Assistant U. S. Attorney] * * * told me to plead guilty to the lesser charge and that I would get full consideration from the court. I understood him to mean that nothing would happen to me." This statement was never denied by the Government, but there was testimony by a customs agent which, if believed, would have negated the possibility that the defendant could have so construed the statement. The fact that the defendant may have had expectations that his plea would result in leniency is not sufficient, in the absence of evidence that the expectation was induced by the Government, to justify withdrawal of the plea. United States v. Norstrand, supra; United States v. Sehon Chinn, supra. But, upon remand, if the court determines that the defendant pleaded guilty reasonably relying upon representations made by the prosecutor that a prison sentence would not be imposed, then permission to withdraw the plea should be granted. The fact that the Assistant United States Attorney's statement relied upon by the defendant is not an unambiguous promise is not conclusive upon the issue of whether it might reasonably have been understood by the prisoner to be a promise of leniency. The crucial question is whether a layman, not represented by counsel and unfamiliar with the respective powers of prosecutors and judges, might have so understood the statements. If the statements the defendant claims were made to him are found to have been, in fact, made; and if the construction which the defendant claims to have placed on the statements was, under the circumstances, reasonable; and he is able to establish that he was in fact misled; then his motion to withdraw the plea of guilty should be granted.

The order denying defendant's motion for leave to reargue his motion to with-

5. We do not here consider whether the failure of a prosecutor to recommend leniency in accordance with a promise to do so made by him to the defendant is sufficient ground to justify withdrawal of guilty plea under Rule 32(d).

draw the plea of guilty is reversed, and the cause remanded for further proceedings in conformity with this opinion.

LUMBARD, Circuit Judge (dissenting).

I think the reasoning and decision of the majority are contradicted by the record of the hearings on the motion to withdraw the plea of guilty entered before Judge Knight, and to reargue the denial of that motion, and by the decisions of Judge Morgan.

The majority's position seems to be that because the trial judge, Judge Knight, failed adequately to ascertain whether Lester's waiver of counsel was with "full understanding of the likely consequences" of his plea of guilty, we must send the case back for Judge Morgan to decide this. More specifically, the remand is for the sole purpose of determining whether "the defendant pleaded guilty reasonably relying on representations made by the prosecutor that a prison sentence would not be imposed." If the representations alleged by Lester were made, and if his interpretation, though wrong, was reasonable and he was therefore misled into pleading guilty, then, the majority holds, the plea of guilty may be withdrawn.

The trouble with this reasoning is that the record is clear that Judge Morgan made just this determination and expressly found against the defendant. At the conclusion of the first hearing (and by implication, after the second) Judge Morgan specifically concluded as follows:

"The Court: As I understand it, there is no absolute right to withdraw a plea, but the application is addressed to the discretion of the District Court, and where the Court feels a defendant knew the consequence of his plea and there was no circumstance of coercion or compulsion, the motion to withdraw his

plea of guilty and again enter a plea of not guilty may be properly denied. The Court feels there was *no fraud or compulsion or any mistake, or any coercion,* and the application to withdraw the plea of guilty entered before the late Honorable John Knight, Judge of this court, on July 13th, 1954, is denied." [Emphasis added.]

I do not see how it is possible to conclude otherwise than that Judge Morgan considered the very issues which the court now implies were not considered. As the quotation clearly shows, Judge Morgan did not limit himself to whether Lester thought he was pleading guilty to a misdemeanor rather than a felony, as the majority opinion seems to indicate, but clearly examined the whole question of "fraud * * * compulsion * * * *any mistake,* or * * * coercion."

And the record of the proceedings amply substantiates this. At the first hearing the prosecutor was asked specifically whether he had "offer[ed] or promise[d] him anything in exchange for a plea." He replied: "I did not." Moreover, there was testimony that Lester was told that the penalty "might be a fine or suspended sentence or *might be a prison term.*" [Emphasis added.] Thus, the precise issue which the majority say must be considered, was before the district judge. There was further testimony that the prosecutor had explained to him all the consequences of his plea.

Although it is clear that the felony-misdemeanor argument was considered by Judge Morgan, it is also clear, from the continual questions as to any statements as to inducement and the references to prison sentence, that Judge Morgan sought to ascertain whether the government "offered him * * * any promises or inducements that he would receive by reason of such activity [cooperation with the government] a fine, suspended sentence or any other dispo-

sition than any other defendant tried for a similar crime." [*sic*]

Moreover, the record shows that denial of the motion was the only correct decision. On a motion to withdraw a plea of guilty, the burden is on the defendant to prove the grounds alleged. Friedman v. United States, 8 Cir., 200 F.2d 690, 696, certiorari denied, 1953, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357, rehearing denied, 1953, 345 U.S. 961, 73 S.Ct. 937, 97 L.Ed. 1381. Here, the prosecutor flatly denied making any representations as to leniency and there is no contradictory evidence. We have only Lester's conclusory allegation in an affidavit and his statement that he was told he "would get full consideration from the court." Certainly that statement in itself is not enough to carry the burden of proof. Moreover, when Judge Morgan called him as a witness at the hearing he claimed his Fifth Amendment privilege and refused. No evidentiary weight should be given to the affidavit of a party who, in the first place, asserts very little beyond conclusory allegations, and, in the second place, refuses to allow these allegations and his whole case to be tested by direct and cross-examination. Indeed, the law is well settled that in any judicial proceeding when a witness is not available for cross-examination or refuses to be cross-examined his entire testimony should be stricken. 5 Wigmore § 1391 (3d Ed. 1940). Cf. Brown v. United States, 6 Cir., 234 F.2d 140, 144–145, certiorari granted, 1956, 352 U.S. 908, 77 S.Ct. 152, 1 L.Ed.2d 116.

In any event, the refusal to testify has reduced Lester's case to little more than the merely conclusory allegations which Judge Morgan rightly found to be insufficient.

However, the majority does not purport to deal with the merits, but rules only that issues, which I believe have already been considered quite thoroughly, must be considered again, with the certainty of exactly the same result.