**UNITED STATES of America**

v.

**Paul F. HOLLAND.**

**Crim. No. 1051–58.**

United States District Court
District of Columbia.
Jan. 30, 1959.

Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for U. S.

Hugh J. McGee, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

On November 18, 1958, defendant Holland entered a plea of guilty on arraignment before Judge Holtzoff. The case was then referred to me for sentencing and on January 16, 1959, sentence was imposed. Before imposing sentence, however, I interrogated Holland about his plea of guilty and treated him as if his were a plea of guilty in the first instance.

On January 23, 1959, Judge Holtzoff forwarded to this Court a letter written by defendant Holland, dated January 21, 1959. In his letter, Holland requested that the plea of guilty entered before Judge Holtzoff on November 18, 1958, be withdrawn.

Holland's principal complaint is that on November 18, 1958, he lacked the mental competency requisite to a plea of guilty. Even if this were so, Holland's plea was taken anew by me immediately before sentence was imposed. Therefore, the plea made before Judge Holtzoff is now no longer relevant. Furthermore, neither the letter nor the records indicate that the question of Holland's mental competency was raised either on November 18, 1958, or on January 16, 1959. And Holland was given an opportunity

to make a statement in his own behalf before sentence was imposed.

On January 16, 1959, the Court had before it various psychiatric and probation reports concerning the petitioner. These reports, together with the personal observation had of Holland at the time of sentencing, convinced the Court that Holland was mentally competent to plead guilty.

When Holland pleaded guilty on January 16, 1959 before this Court, he had counsel present with him. The record will clearly indicate that he was afforded an extremely careful, searching and detailed examination concerning his plea of guilty. Holland was questioned as to whether he understood that a plea of guilty meant he would have no jury trial; he was questioned as to whether he understood that a plea of guilty meant he was admitting he had committed the act giving rise to the twentieth count in the indictment, namely, that he had had in his possession on or about June 19, 1958, certain narcotic drugs without first having registered and paid the special tax required by statute; he, and both his counsel and the Assistant United States Attorney, were questioned as to whether any promises concerning sentencing had been made to him. When the answers to these questions raised no doubt in the Court's mind concerning the validity of the plea of guilty, sentence was pronounced.

Treating Holland's letter as a motion under 28 U.S.C. § 2255, the Court finds that the motion, files and records of the case conclusively show the petitioner-defendant is entitled to no relief.

█ Examining all the possible sources of relief, the Court further finds that the petitioner is entitled to no relief under Federal Rules of Criminal Procedure 32(d), 18 U.S.C.A. That rule reads:

"(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Petitioner does not allege he is innocent of the offense to which he pleaded guilty. Ordinarily, this allegation must be made before relief under Rule 32(d) may be had. United States v. Norstrand Corp., 2 Cir., 1948, 168 F.2d 481. Petitioner's sole contention is that he desires psychiatric treatment and that he was "informed" after sentencing that had he pleaded not guilty he "would perhaps be entitled to mental observation and treatment at St. Elizabeth's Hospital" (petitioner's letter of January 21, 1959, p. 2). The petitioner's allegation is insufficient to allow this Court to hold that "manifest injustice" would be done if the plea were not withdrawn. In passing, the Court notes that it made a recommendation at the time of sentencing that the petitioner be committed to the United States Hospital at Lexington, Kentucky. The Court finds neither authority nor necessity to permit the petitioner to choose his place of treatment.

The plea of guilty may not be withdrawn.