**UNITED STATES of America,**
**Appellee,**

v.

**Paul M. HUGHES, Defendant-Appellant.**

**No. 195, Docket 28303.**

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1963.

Decided Jan. 9, 1964.

Donald J. Cohn, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., and James M. Brachman, Asst. U. S. Atty.), for the United States.

Bruno Schachner, New York City, for appellant. Stephen Hochhauser, New York City, of counsel.

Before CLARK,* SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

Defendant Hughes appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York by Judge William B. Herlands on a plea of guilty to the final count of a 32 count indictment charging Hughes and others with violations of the securities laws, mail fraud, and conspiracy. Hughes had originally pleaded not guilty. He later changed his plea to the conspiracy count of the indictment, pleading guilty to that count alone. After the case had been assigned to Judge Herlands for sentencing Hughes moved, pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure,[1] to

---

* Judge Clark heard oral argument and participated in the decision in this case, voting to affirm. He died before the opinion was written.

1. "(d) *Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of

withdraw his plea of guilty. The grounds of his motion were that he was in fact innocent and that certain representations which had been made to secure his testimony in a related stock swindle case, United States v. Garfield [United Dye Corp.], 61 Cr. 671, 694 (S.D.N.Y.), appeal pending, No. 28030 (2d Cir.), and on which he had relied as an inducement to plead guilty, had been repudiated by the government.[2] After a six-day hearing, Judge Herlands denied the motion, 223 F.Supp. 477 and sentenced Hughes to eighteen months imprisonment. We affirm.

In affidavits annexed to his motion to withdraw his guilty plea, Hughes and his two attorneys alleged that Hughes believed he was innocent of the charges in the indictment. At the hearing before Judge Herlands, government counsel testified that Hughes had never maintained his innocence during any of their many conferences and that indeed Hughes had admitted his guilt in response to questions put to him as preparation for anticipated cross-examination. Hughes and his counsel were permitted to contradict that testimony but Hughes was not permitted to testify regarding his present belief that he was innocent. Resolving the conflict in testimony in favor of the government, Judge Herlands found:

"1. That the defendant pleaded guilty before Judge Metzner on April 3, 1961, because he felt and knew he was guilty and because, acting on the advice of competent counsel, he concluded it was to his own best interest not to stand trial but to attempt to mitigate or extenuate his guilt by agreeing to cooperate with the Government.

"2. That neither the defendant nor his attorney has maintained that

he is innocent of the charge to which he pleaded guilty * * * [Record citations omitted]; that on the contrary the defendant admitted his guilt not only by pleading guilty before Judge Metzner but also by reaffirming his guilt in his answer to the specific question put to him by Assistant United States Attorney Walpin in the course of preparing against anticipated cross-examination in the UDY case." [Record citations omitted.]

Defendant objects that it was improper for the court to determine that he had never maintained his innocence in view of the allegations of innocence in his affidavits and the action of the court in prohibiting testimony as to his present state of mind. We conclude that no error was committed.

As is apparent from a reading of the opinion as a whole, Judge Herlands sought primarily to determine whether Hughes had asserted his innocence at or about the time of his guilty plea, since that fact, if established, would have supported his claim that his plea had been induced by government representations rather than by a consciousness of guilt. Thus, we think the phrase "has maintained" in finding 1 must be read as referring to the prior period only. Hughes' present self-serving protestations of innocence were; of course, not probative of his former state of mind and thus were properly excluded on that issue.

Defendant contends, however, that his present claim of innocence was not accorded the significance to which it is entitled. He points to decisions stating that, although withdrawal of a guilty plea after sentence should be permitted only "to correct manifest injustice," such

sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Fed.R.Crim.P. 32(d).

2. Cooperation with government authorities is not alone sufficient to require the grant-

ing of a motion to withdraw a guilty plea, United States v. Nagelberg, 323 F.2d 936 (2d Cir. 1963). However, where defendant shows that his cooperation was induced by government representations which were repudiated, the motion should be granted. United States v. Lester, 247 F.2d 496, 501 (2d Cir. 1957).

a change of plea should be freely allowed when sought before sentence is imposed, see, e. g. Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Kadwell v. United States, 315 F.2d 667, 670–71 (9th Cir. 1963); United States v. Lias, 173 F.2d 685, 688 (4th Cir. 1949), and argues that leave to withdraw a guilty plea *must* be granted when a defendant's claim of innocence is not frivolous and it will not be inequitable to the government—because of intervening destruction of evidence or otherwise—to afford a defendant a trial, see Gearhart v. United States, 106 U.S. App.D.C. 270, 272 F.2d 499 (1959) (defense of insanity).

■■ Denial of a motion to withdraw a guilty plea, however, is reversible only if there has been an abuse of discretion. United States v. Smiley, 322 F.2d 248 (2d Cir. 1963); United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957). And although a defendant is not entitled to gamble upon the outcome of a trial and thus must at least deny that he is guilty, United States v. Paglia, 190 F.2d 445, 447–448 (2d Cir. 1951); accord United States v. Nagelberg, 323 F.2d 936 (2d Cir. 1963); United States v. Norstrand Corp., 168 F.2d 481 (2d Cir. 1948), an allegation of innocence is not sufficient to compel the granting of a motion to withdraw a guilty plea, United States v. Lester, supra, 247 F.2d at 501.

Appellant claims that the government induced him to enter a guilty plea by promising to make a statement to the sentencing judge which would be favorable to him and by promising that he would be permitted to by-pass judges whom he believed to be severe in imposing sentences.

At the time he entered his guilty plea appellant was fully questioned by Judge Metzner as to whether any inducements had been offered to him to persuade him to change his plea. He denied such inducements. The testimony at the hearing on this motion indicated that the appellant made similar denials on at least two other occasions, and, in fact, he seems to have repeated the denial when questioned by Judge Herlands on the hearing below.

■ The weight to be accorded this testimony and the conflicting testimony for Hughes, and the credibility of the witnesses are primarily entrusted to the judge who hears the evidence. His finding "that nothing was promised or offered to [Hughes] by the United States Attorney's office to induce him to change his plea from not guilty to guilty," is, in the light of the evidence, not clearly erroneous.

■ Finally, defendant contends that, pursuant to 28 U.S.C. § 455 (1958),[3] Judge Herlands should have disqualified himself when it appeared that his testimony was material to one of the issues raised during the hearing. Although Judge Herlands did make a declaration for the record, he stated, and we agree, that it was not relevant to the primary issues in the hearing. However, defendant argues that under United States v. Halley, 240 F.2d 418, 419 (2d Cir.), cert. denied, 353 U.S. 967, 77 S.Ct. 1052, 1 L.Ed.2d 917 (1957) and United States v. Valentino, 283 F.2d 634 (2d Cir. 1960), Judge Herlands should have disqualified himself when it appeared he *might* be a witness. But when the hearing started defendant's counsel was very equivocal in suggesting the possibility that Judge Herlands might be asked to testify. Moreover, the statements in the cases upon which defendant relies were rather in the nature of advice to the lower courts on remand than direct holding on the points involved. Since the literal terms of 28 U.S.C. § 455 (1958) require

3. "§ 455. *Interest of justice or judge*
   "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein." 28 U.S.C. § 455 (1958).

disqualification only if the judge *is* a witness, we think the Halley and Valentino cases state what is merely a rule of good practice, the violation of which does not require the finding of an abuse of discretion when in fact the judge does not participate as a material witness, and there are considerations of efficient judicial administration which favor his presiding, such as, in this case, Judge Herlands' familiarity with matters relevant to sentencing through having presided over the United Dye case. See Dillon v. United States, 307 F.2d 445, 453 (9th Cir. 1962) (Barnes, J., dissenting).

Affirmed.