**UNITED STATES of America,**

v.

**Arthur L. JOHNSON, Defendant.**

**No. 66 Civ. 4178.**

United States District Court
S. D. New York.

June 15, 1967.

---

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, for United States of America; Max Wild, Asst. U. S. Atty., of counsel.

Arthur L. Johnson, pro se.

OPINION

WEINFELD, District Judge.

■■ Petitioner is now serving fifteen years to life as a fourth felony offender under New York State's Multiple Offender Act.[1] He seeks a writ of error coram nobis to vacate one of the underlying convictions entered in this court eighteen years ago,[2] on August 22,.

1. New York Penal Law, McKinney's Consol.Laws, c. 40, §§ 1941 et seq.

2. Since petitioner is no longer "in custody" under the judgment of conviction now challenged, § 2255 of Title 28, United States Code, is not available to him and his application is treated as one for a writ of error coram nobis under the all-writs section of the Judicial Code, 28

1949, on his plea of guilty to a charge of knowingly passing two counterfeit twenty dollar Federal Reserve notes. Shortly before, on August 9, 1949, he had been sentenced, also upon his plea of guilty, to a term of one year and one day by the United States District Court of New Jersey for similar offenses committed within that district. The sentence imposed in this court was six years.

The petitioner, in his attack upon the judgment of conviction in this district,[3] has presented a panoply of alleged constitutional violations, including (1) lack of effective counsel and representation; (2) denial of counsel of his choice; (3) that his plea was not voluntary and understandingly made, but allegedly induced by "chicanery and trickery"; (4) denial of his right of allocution; and (5) that the New Jersey and New York offenses constituted a single crime and were not separate offenses.

■ The petitioner's allegations are not only without evidentiary support, but an examination of the proceedings of this court shows they are utterly lacking in substance. Upon his arraignment in this district the court appointed counsel, a Legal Aid lawyer, then assigned to this court. Petitioner did not request or indicate he desired private counsel or that he had the financial means to retain one [4]—the record supports an entirely contrary conclusion.[5] The fact that experienced defense counsel did not spend hours upon hours in conference with petitioner on the relatively simple issue presented by the indictment is of no consequence.[6]

Petitioner's allegation, without evidential support, that the plea was entered because of "chicanery and trickery" is conclusory.[7]

U.S.C. § 1651(a). United States v. Morgan, 346 U.S. 502, 506–511, 74 S.Ct. 247, 98 L.Ed.2d 248 (1954); United States v. Garguilo, 324 F.2d 795 (2d Cir. 1963). This remedy is available only to raise errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States v. Garguilo, 324 F.2d 795, 796 (2d Cir. 1963).

3. Petitioner also sought a writ of error coram nobis to set aside the judgment of conviction entered in the United States District Court of New Jersey, which was denied and affirmed on appeal, 359 F.2d 845 (3d Cir. 1966).

4. Cf. United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965), cert. denied, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966). (With respect to the analogous situation of a defendant who wishes appointed counsel dismissed so that he may represent himself, the court stated: "Regardless of whether he has been notified of his right to defend himself, the criminal defendant must make an unequivocal request to act as his own lawyer * * *."); United States v. Gutterman, 147 F.2d 540, 542 (2d Cir. 1945).

5. When asked if court-appointed counsel was agreeable to him, petitioner made no objection. Further, upon his arraignment in the District Court of New Jersey on June 20, 1949, approximately two months before his arraignment and sentence in this court, petitioner waived counsel and stated: "I figured I couldn't raise some money in time to get a lawyer."

6. Cf. United States v. Garguilo, 324 F.2d 795 (2d Cir. 1963); Ray v. United States, 197 F.2d 268, 270 (8th Cir. 1952); Yodock v. United States, 97 F.Supp. 307, 311 (M.D.Pa.1951).

7. Sanders v. United States, 373 U.S. 1, 19–22, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2d Cir. 1963). That petitioner's claim of government trickery is without evidential support is one of the features distinguishing it from United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957). Additionally, the application in Lester was made under Rule 32(d) of the Federal Rules of Criminal Procedure for withdrawal of a guilty plea, which requires an allegation of petitioner's innocence—no such allegation is here set forth. United States v. Lester, 247 F.2d 496, 501 (2d Cir. 1957). Accord, United States v. Lo Duca, 274 F.2d 57, 59 (2d Cir. 1960); United States v. Paglia, 190 F.2d 445, 447–448 (2d Cir. 1951); United States v. Norstrand Corp., 168 F.2d 481, 482

As to the term imposed, assuming arguendo that his attorney had expressed his opinion that the likely sentence would be the same as that imposed in New Jersey and would run concurrently, and it turned out otherwise, this would not support the charge of "chicanery and trickery," inducement, fraud or overreaching.[8]

As to the claim of denial of the right of allocution, the transcript indicates that petitioner's counsel made a statement on his behalf urging leniency. In any event, the fact that petitioner himself was not afforded allocution as required under Rule 32(a) of the Federal Rules of Criminal Procedure furnishes no ground for voiding the judgment upon collateral attack.[9]

As to the claim that the crimes charged under the two indictments constituted but a single and continuing offense of passing counterfeit bills, the law is well settled that the uttering and passing of different counterfeit bills in different states or districts at different times constitute separate offenses.[10]

Finally, as this court has previously stated: "Merely culling language from Federal and state authorities, as petitioner has done, will not satisfy the requirement that serious charges have some basis in fact",[11] and does not, without more, entitle petitioner to a hearing.

In sum, the files and records conclusively show that petitioner is entitled to no relief.

The petition is dismissed.

---

(2d Cir. 1948). Finally, unlike the petitioner in *Lester*, the instant petitioner was represented by and consulted with counsel at the time of the plea.

8. United States v. Taylor, 303 F.2d 165, 168 (4th Cir. 1962); United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957); United States v. Shneer, 194 F.2d 598, 600 (3d Cir. 1952); United States v. Norstrand Corp., 168 F.2d 481 (2d Cir. 1948).

9. Hill v. United States, 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 47 (1962).

10. Cf. Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321 (1961); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Not only were the offenses committed in different jurisdictions, but further the multiple violations of 18 U.S.C. § 472 here were in no respect simultaneous, but were several days apart. Compare Ladner v. United States, 358 U.S. 169, 176–179, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); Bell v. United States, 349 U.S. 81, 82–83, 75 S.Ct. 620, 99 L.Ed. 905 (1955). See generally, Twice in Jeopardy, 75 Yale L.J. 262, 299–321 (1965).

11. United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y.1965), aff'd, 365 F.2d 832 (2d Cir. 1966). See also United States ex rel. Marinaccio v. Fay, 336 F.2d 272, 274 (2d Cir. 1964); United States ex rel. Homchak v. People of State of New York, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States v. Shillitani, 16 F.R.D. 336, 340–341 (S.D.N.Y.1954).