**UNITED STATES of America,**

v.

**Jack Wayne SCARBOROUGH,**
**Defendant.**

**No. EP–80–CR–101.**

United States District Court,
W. D. Texas,
El Paso Division.

March 25, 1981.

Elizabeth Rogers and Richard Mesa, Asst. U. S. Attys., El Paso, Tex., for plaintiff.

Charles Roberts, El Paso, Tex., for defendant.

## ORDER ON MOTION TO WITHDRAW GUILTY PLEA

ROBERT W. HEMPHILL, Senior District Judge *.

Defendant, who was charged with, and acknowledged his guilt of, violation of one count of a two-count indictment, charging him with a September 18, 1979 [1] violation of 18 U.S.C. § 401(3) [2] and Rule 42(b) [3], at the

---

\* For the District of South Carolina, sitting by designation.

1. The second count charged a violation on or about August 8, 1980.

2. 18 U.S.C. § 401(3) provides:
   § 401. POWER OF COURT.
   A court of the United States shall have power to punish by fine or imprisonment, at its discre-

3. See note 3 on page 382.

"eleventh hour"[4] before sentence and judgment, orally, through his then retained counsel, moved to withdraw his plea of guilty, previously entered. The Court, not previously notified of the motion, and noting the United States Attorney had not been so notified, allowed the motion to stand and directed that it be reduced to writing and filed with the Court, with an opportunity for the government to respond. His substituted counsel filed the "reurged motion * * *" on February 9, 1981, and the government filed response February 17, 1981.

A chronology of events informs as to the procedures:

> On August 8, 1980 defendant, whose counsel had at one time consented to trial with David Brummit, also charged, having successfully moved to withdraw that consent, was indicted by a Grand Jury of the United States District Court for the Western District of Texas, El Paso Division, on two counts of disobedience to the order of the court. David Michael Brummit was likewise indicted on the same date.

On October 10, 1980 juries were selected for trial of both cases. The Government announced it was ready for trial and accused did not seek continuance or delay.

David Michael Brummit was put on trial before a jury which on October 15, 1980, found him guilty on both counts.

On October 16, 1980, Scarborough pled guilty to Count One (1) of the indictment against him. Sentence was deferred until presentence reports could be completed and defendant given opportunity to prepare his allocution at time of judgment and sentence. A full Rule 11 arraignment was conducted in open court.[5]

On January 30, 1981 Jack Wayne Scarborough was sentenced to five (5) years' imprisonment on Count 1 and Count 2 was dismissed in accordance with the plea bargain agreement. Brummit was also given a detention sentence.

Neither at the time of the oral motion, nor in the written ("reurged") motion did counsel give any concrete reason for withdrawal, except to pursue "the legal issues on appeal, and such appeal may be joined

---

tion, such contempt of· its authority, and none other, as—

> \* \* \* \* \* \*
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

**3.** Rule 42(b), Federal Rules of Criminal Procedure provides:

> RULE 42. CRIMINAL CONTEMPT
> (b) DISPOSITION UPON NOTICE AND HEARING.
> A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States Attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of

guilt the court shall enter an order fixing the punishment.

**4.** See *Matthew* 20:1–16.

**5.** Rule 11(c), Federal Rules of Criminal Procedure provides, among other directions:

> (c) ADVICE TO DEFENDANT. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him * * *" of, and determine that he understands, the following:
>
> \* \* \* \* \* \*

The Court must not accept a plea of guilty " * * * without first determining that the plea is made voluntarily with understanding of the nature of the charge", *United States v. Lester*, 247 F.2d 496, 500 (2d Cir. 1957); *United States v. Taylor*, 583 F.2d 178 (5th Cir. 1978), *cert. den.*, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92; and the Court should address the defendant in open court to ascertain the voluntariness of the plea. *United States v. Crook*, 526 F.2d 708, 710 (5th Cir. 1976); *Burroughs v. United States*, 515 F.2d 824 (5th Cir. 1975); *see also: United States v. Clark*, 574 F.2d 1357 (5th Cir. 1978); *United States v. Lincecum*, 568 F.2d 1229 (5th Cir. 1978); *Phillips v. United States*, 519 F.2d 483 (6th Cir. 1975).

with the expected appeal in *Brummit*, EP–80–CR–100. Present counsel cited reliance on *United States v. Hancock*, 607 F.2d 337, 338 (10th Cir. 1979)[6] and *United States v. Brown*, 617 F.2d 54, 55[7] (4th Cir. 1980). Neither case supports defendant's motion.

This Court is aware that Rule 32(d)[8] allows withdrawal of guilty pleas under certain circumstances both before and after sentencing. One does not have to search to understand that the rule would not have been adopted except for the intention it be used. The rule contains an embodiment of the general doctrine of "fairness and Justice" in the application of due process in the criminal courts, so that a court may allow withdrawal of a guilty plea before sentencing, for any fair and just reason". *United States v. Strauss*, 563 F.2d 127 (4th Cir. 1978); *Barker v. United States*, 514 F.2d 208 (D.C.Cir.1975), *cert. den.*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682; *United States v. Bradin*, 535 F.2d 1039 (8th Cir. 1976); a motion to withdraw a plea of guilty should never be denied where the ends of justice would best be served by granting it. *Williams v. United States*, 192 F.2d 39 (5th Cir. 1951). And leave should be freely granted. *United States v. Pressley*, 602 F.2d 709 (5th Cir. 1979); *Spradley v. United States*, 421 F.2d 1043 (5th Cir. 1970).

As the law is presently interpreted[9], there is no specific time limit for presentation of the motion; *United States v. Wash-*

*ington*, 341 F.2d 277 (3rd Cir. 1965); *United States v. McNair*, 18 F.R.D. 417, but in *United States v. Morrow*, 537 F.2d 120, 145–147 (5th Cir. 1976), the reviewing court affirmed the trial court's refusal of the motion made approximately 64 days after entry of the plea where: (1) appellant was closely assisted by counsel at the time he changed his plea to guilty; (2) the district court determined the plea was free and voluntary; and, (3) the denial was in the interest of judicial economy. A later decision, *United States v. Roberts*, 570 F.2d 999, 1008 (D.C.Cir.1977) holds: "moreover, the courts look with particular favor on Rule 32(d) motions made—within a few days after the initial pleading". Examining the case at bar in the light of these opinions, this Court does not hold that the motion was not timely, although made three and one-half months *after* the plea was made, and *on the day of sentencing*. The Court observes that defendant Scarborough was closely assisted by counsel, the plea was free and voluntary, and a trial scheduled had been called off in anticipation of the plea (jurors had been drawn and witnesses alerted) and a new trial would be expensive and would thwart judicial economy to some extent.

An examining court could not but take notice of the fact that the accused is not claiming innocence. It has been held that such an assertion should be made or included in the motion. *Zaffarano v. United States*, 330 F.2d 114, 115 (9th Cir. 1964);

**6.** A motion to withdraw "should be freely allowed * * * *". This case cited *Barker v. United States*, 579 F.2d 1918, 1923 (10th Cir. 1978) which holds: "One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion."

**7.** In *Brown* the Court denied the withdrawal motion, holding: "Aside from the unarticulated but implicit suggestion that he had simply reassessed his overall strategic and tactical situation, Brown could only give as a reason for allowing withdrawal of the plea the suggestion that he had legal defenses to the charges * *."

**8.** Rule 32(d), Federal Rules of Criminal Procedure, provides:

(d) WITHDRAWAL OF PLEA OF GUILTY. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition to sentence is suspended; but to correct manifest injustice the court after the sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

**9.** Prior to the amendment abrogating a 10 day limit the Supreme Court, at the October, 1933 term, propounded the rule (II. Motions (4))—"A motion to withdraw a plea of guilty shall be made within ten (10) days after entry of such plea and before sentence is imposed." See 292 U.S. 661, 78 L.Ed. 1513. This rule no longer applies.

*United States v. Norstrand Corp.*, 168 F.2d 481, 482 (2d Cir. 1948). Other circuits have held such assertion or the lack of it an important fact to be considered. *Barker, supra; Everett v. United States*, 336 F.2d 979, 983 (D.C.Cir.1964); *United States v. Stayton*, 408 F.2d 559 (3d Cir. 1969) (*citing Kercheval v. United States*, 244 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009). This Court does not rest its decision on the failure to plead innocence, but it is a factor to be considered.

■ While trial courts have wide discretion under Rule 32(d) to grant withdrawal if a defendant offers any "fair and just" reason, *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927) (dictum) some courts (in addition to those that insist on an allegation of innocence, or find delay in filing a factor in consideration) require an allegation/showing of reasonable defense to the charge, *United States v. Hughes*, 325 F.2d 789 (2d Cir. 1964), and it has been held that where defendant offered no reason apart from his indecisiveness for wishing to withdraw his plea, and did not attack the validity of the plea of guilty, denial of the motion, just prior to sentencing, is not an abuse of discretion. *United States v. Valdez*, 450 F.2d 1145, 1146 (5th Cir. 1971).

■ This Court endeavored to conduct an exhaustive Rule 11 arraignment, and determined thereby that he understood the plea and that it was voluntary. Defendant was voluntarily placed under oath:

THE COURT: I'm going to ask you some questions. I would like to put you under oath because this is a Court of truth, as evidenced by the fact that its mission is to obtain a verdict in each case which is presented. A verdict means "to speak the truth", in every sense of the word. You do not have to go under oath if you do not want to. If you do and you told me some falsehood, you would be liable to—charged with perjury. Do you understand that?

MR. SCARBOROUGH: Yes, sir.

THE COURT: Do you have any objection to going under oath?

MR. SCARBOROUGH: No, sir.

THE COURT: Do you know of any objection, Counsel?

MR. DOZORC: No objection, your Honor.

He was warned of his constitutional rights:

## EXAMINATION

BY THE COURT: Despite the fact that you are under oath and I want the answers to the questions, I will not deprive you of your constitutional right to remain silent and not to answer, if you choose. And if you exercise that right in this Arraignment, there will be no recrimination nor will the Court have any feeling about you or against you because this is your constitutional right, and the Court will be the first to protect you in it if you choose to exercise it, do you understand that?

A. Yes, sir.

Q. And if some of the questions I ask you seem a little profane to you, just go ahead and answer them unless you choose not to answer them because I have to have the information.

A. (Nods yes.)

The Count of the indictment to which he had agreed to plead was read to him, and he was asked of his understanding and if he had been promised or threatened:

This is the Indictment, and that is the Statute. Do you understand the charge against you?

A. Yes, sir.

Q. That is only as to Count One. I shall not read Count Two since we're not concerned with that at this time.

Are you—How is your intention to plead to Count One, "Guilty" or "Not Guilty"?

A. Guilty, sir.

Q. Except for the agreement to not prosecute Count Two and to make known any cooperation that you have, has anybody promised you anything to get you to plead guilty?

A. No.

Q. Anybody threatened you in any way?

A. No, sir.

Q. Has your lawyer, District Attorney or any Government agent or anyone connected with the Court told you what sentence you would expect?

A. No, sir.

Other parts of Rule 11 were complied with, and he was told:

### THE FINAL QUERY

THE COURT: All right, sir. The Clerk will hand you a Plea of Guilty, and I instruct you not to sign it unless (1) you are guilty; and (2) your plea is free and voluntary. Do you understand that?

A. Yes, sir.

Q. Do you have any question about anything I've asked you?

A. No, sir.

After the plea was signed the Court proceeded:

THE COURT: I have here on the bottom of this Indictment a statement written in the handwriting of the Deputy Clerk, "I plead guilty to Count One of the Indictment", signed by Jack Scarborough. Attest, by your attorney, is that your signature?

A. That's correct.

THE COURT: Are you guilty?

A. Yes, sir.

Q. Is this free and voluntary?

A. Yes, sir.

Despite the fact that his answers could not be used against him if he withdrew the plea or it was not completed and accepted by the Court, on motion to withdraw the record of the plea is usually examined to ascertain whether such "suggests that his admissions in open court were anything but the truth". *Brady v. United States,* 397 U.S. 742, 750, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1976);

**10.** "There can be no question but that Crawford's arraignment and the proceedings under Rule 11 Federal Rules Criminal Procedure are part of the "records of the case". *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166 [1171], 22 L.Ed.2d 418 (1969) teaches that one

(cited in *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)); *see also Crawford v. United States,*[10] 519 F.2d 347 (4th Cir. 1975).

█ True, the Government has shown no prejudice except the necessity of calling the case again, collecting and paying witnesses to attend, summoning and selecting a jury, and assigning a United States Attorney to the task and the time of preparing and presenting the case before Court and jury. Such is prejudice *ipso facto,* especially in a case where the Government acts on the faith of the plea agreement and later carries it out, as is the case here. The Government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a guilty plea, although such prejudice may be considered by the district court in exercising its discretion. *United States v. SAFT,* 558 F.2d 1073, 1083 (2d Cir. 1977), *citing United States v. Michaelson,* 552 F.2d 472, 474 (2d Cir. 1977).

█ Defendant, who was fully advised of his rights, and those protections he was waiving (including the right of appeal) in the Rule 11 proceeding has failed to discharge his burden of establishing grounds for withdrawal. *United States v. Giuliano,* 348 F.2d 217, 221 (2d Cir. 1965). He has the burden of showing that denial of his motion will be an abuse of discretion. He has not asked for a hearing and has urged on the Court no facts which would constitute a cognizable defense to the charge. *United States v. Barker, supra.*

█ *Everett v. United States,* 336 F.2d 979, 982 (D.C.Cir.1964, opinion by Justice Burger) clearly states that no court has ever held that an accused has an absolute right to withdraw his plea, and that "withdrawal * * * is a decision within the sound discretion of the trial court." The Court

of the reasons for requiring a district court to comply strictly with Rule 11 is to facilitate the "determination on any subsequent post-conviction proceeding based upon a claim that the plea was involuntary." [–350].

should consider whether any fear or coercion existed, or a mistake occurred. *Williams v. United States*, 192 F.2d 39, 40 (5th Cir. 1951); *United States v. Colonna*, 142 F.2d 210, 212 (3rd Cir. 1944); *United States v. Barker*, 579 F.2d 1219 (10th Cir. 1978). Every court faced with a discretionary decision which will affect the life or liberty of a fellow human being feels the weight of the responsibility, but as was so well stated by then-Circuit Judge Burger in the *Everett* case:

> "The record reveals a guilty plea, intelligently and voluntarily made with assistance of retained counsel and candid admission of all essential elements of the crime in open court; this is hardly a predicate for an appellate holding that the District Judge abused his discretion in refusing to permit a withdrawal. We are not disposed to encourage accused persons to "play games" with the courts at the expense of already overburdened calendars and the rights of other accused persons awaiting trial, whose cases may lose both their position on the calendar and the Court's time and facilities which are thus diverted for no useful purpose."

Where there is a clear understanding of the plea and its impact and the bargain struck, the plea taken in accord therewith, the jury and witnesses discharged, etc., no absolute pre-sentence right is justified.

This Court has endeavored to comb the record to discover if any "fair and just" reason can be found therein to allow withdrawal. None appeared, and none has been urged on the Court.

The motion is denied.

AND IT IS SO ORDERED.