**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas NORTON, Defendant-Appellant.**

No. 368, Docket 23859.

United States Court of Appeals Second Circuit.

Argued June 4, 1956.

Decided July 2, 1956.

Whitney North Seymour, Jr., Asst. U. S. Atty., S.D.N.Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

William J. Manning, Legal Aid Society, New York City (Florence M. Kelley, Thomas Thacher, and Thomas R. Farrell, Jr., Legal Aid Society, New York City, on the brief), for defendant-appellant.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Judge Leibell succinctly states the problem herein as it came before him thus: "Thomas Norton, an inmate of the New York State Prison at Dannemora under a judgment of conviction as a second felony offender, moves this court to have his first felony conviction, which was in this court, set aside on the grounds that he was not represented by counsel at the time he pleaded guilty to the indictment, was not informed of his right to have counsel and did not waive counsel, all in derogation of his rights under the United States Constitution." After a hearing in which the original trial judge, the court clerk, the appellant, and a lawyer appearing for the accused at a later stage of the proceeding all testified, Judge Leibell filed a memorandum opinion carefully analyzing the testimony and explaining why he thought the accused's statements—so specific on the one point necessary to his case, so hazy in other respects—were not to be believed, while the evidence of the judge and his

clerk was to be accepted as the correct practice on a guilty plea to a felony charge at the time of conviction in 1936. His findings upon which his denial of the motion was thus based were not clearly erroneous and we are content to affirm upon his opinion.

The question is one of importance in the administration of criminal justice and we have been aided, as was the court below, by the able representation of the accused by the New York Legal Aid Society. We appreciate the careful and complete argument presented by Mr. Manning on behalf of the accused and express the thanks of the court to him and to the Society for this valuable assistance thus so generously rendered.

Affirmed.