**UNITED STATES of America,** Appellee,

v.

**Patrick HALLEY, Appellant.**

**No. 165, Docket 23359.**

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1956.

Decided Jan. 21, 1957.

---

3. See 7 Moore ¶65.04[3].

Leonard P. Moore, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y. (Marie L. McCann, Asst. U. S. Atty., Brooklyn, N. Y., of counsel on the brief), for appellee.

Daniel H. Greenberg, New York City, for appellant.

Before CLARK, Chief Judge, and FRANK * and LUMBARD, Circuit Judges.

PER CURIAM.

Patrick Halley appeals from an order of May 17, 1954, denying his motion in the nature of *coram nobis* to vacate a judgment of conviction and sentence of three years' imprisonment and a fine of $100, for possessing counterfeit money. This sentence was imposed in the Eastern District of New York in 1939 upon his plea of guilty. In his motion he alleges that at the trial he was neither represented by counsel nor advised by the court that he was entitled to court-appointed counsel if he so desired, and that he did not intelligently waive counsel.

An earlier motion to the same effect having been denied by an order of July 1953, Halley moved for reconsideration in the light of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, decided January 4, 1954, and asked for a hearing which was held on April 29, 1954. These motions were ruled upon by the judge before whom the original trial had been held.

At the hearing, Halley was represented by counsel and was the only witness. The trial judge found against him as he did not believe his testimony that he was not advised of his right to counsel and had not waived it. We find that the record amply supports the judge's conclusion. Prior to the federal counterfeiting charge Halley had acquired a considerable criminal record—assault and robbery, assault in the third degree on two separate occasions, a drug offense, and robbery in the second degree. He admitted having had a lawyer in at least one of those cases. In addition the judge noted that it was always his practice to indicate to the accused his right to counsel. Thus, the district judge had ample basis for not believing Halley's claim and finding a waiver. On this record, we affirm the denial of petitioner's motions.

We would make one further observation however. Many of these proceedings involve issues as to which the judge of the sentencing court may be a material witness. We therefore take this occasion to suggest the advisability of having such applications heard before some district judge other than the judge or judges who presided at the time of plea and the time of sentence. Indeed in many of these proceedings judges have been called as witnesses, e. g., United States v. Norton, 2 Cir., 1956, 234 F.2d 842, and where the judge may be a material witness he himself should not hear the case but ought to disqualify himself. Cf. In re Murchison, 1955, 349 U.S. 133, 138–139, 75 S.Ct. 623, 99 L.Ed. 942. This is especially appropriate where other judges in the district are readily available. But Halley's claim in this proceeding obviously is not made in good faith or with any basis of fact, nor did

---

* Judge Frank died after voting for affirmance, but before expressing his views with respect to this opinion.

Halley's counsel object to a hearing before this judge.

We express our appreciation to assigned counsel who represented the petitioner on this appeal.

Affirmed.