Billy Wayne SCHRADER, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29092.

Missouri Court of Appeals,
Kansas City District.

Jan. 30, 1978.

John B. Schwabe, II, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Walter O. Theiss, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

TURNAGE, Judge.

Billy Wayne Schrader filed a motion under Rule 27.26 to vacate sentences imposed following a plea of guilty to burglary second degree and stealing. The court denied the motion and this appeal follows.

Schrader alleges error on the part of the court in the following: (1) failing to make a finding of fact on a contested issue; (2) refusing to disqualify himself; (3) refusing to take the stand to testify; (4) allowing Schrader's original counsel in the courtroom; and (5) in finding Schrader had adequate assistance of counsel.

In his 27.26 motion, Schrader alleged he was denied effective assistance of counsel because his counsel misled him by falsely stating that a deal had been made for the sentences on the two charges to run concurrently when in fact the sentences assessed were consecutive. He further contended his sentence was unlawfully increased

when, after a probation violation, the sentences were for the first time made to run consecutive.

Schrader testified at the hearing on the motion that he entered a plea of guilty but his attorney at that time, the public defender of Boone County, told him a deal had been made and the sentences on the two charges would be concurrent. He testified he remembered the guilty plea hearing and stated he remembered hearing everything except he did not remember the judge stating the sentences were to be served in consecutive fashion.

Mr. Mays, the public defender, denied he had made any representation to Schrader as to what sentences he would receive. Mays further stated his notes made at the guilty plea hearing reflected the sentences on the two counts were to run consecutively. During the hearing on this motion, the court had the court reporter read his untranscribed notes of the sentencing at the guilty plea hearing which revealed the court stated the sentences were to run consecutively.

■ Schrader first contends the court failed to make a finding on whether or not the judge stated the sentences were to run consecutively. Contrary to this contention, the findings of fact made by the court reflect the court found the sentences were stated to be served consecutively at the time sentence was imposed. The court did make a finding on this allegation and the point is without merit.

Schrader next contends the judge should have disqualified himself when the judge requested the reporter to read his notes made at the time of the guilty plea hearing. No objection was made to this procedure. Schrader contends the authenticity of the notes then came in issue which required the judge to become a witness. In his next point, which may be considered with the one under discussion, Schrader contends the judge wrongfully refused to take the stand to testify as to the authenticity of the records of the guilty plea hearing.

■ It has long been settled that a court not only may, but should, take judicial notice of its own records at prior proceedings which involve the same parties and which involve basically the same facts. *Hardin v. Hardin*, 512 S.W.2d 851, 854[2, 3] (Mo.App.1974). Here the court did nothing more than take judicial notice of its own records reflecting what took place at the guilty plea hearing. There was no requirement for the judge to disqualify himself nor to take the stand to testify regarding such records.

■ Schrader next contends the court erred in failing to exclude Mr. Mays from the courtroom during the hearing on this motion. No request for exclusion of witnesses had been made, but while the hearing was in progress, Mr. Mays entered the courtroom. At this time counsel for Schrader requested Mr. Mays be excluded. The court refused.

In *Brown v. State*, 485 S.W.2d 424, 430[13, 14] (Mo.1972), it was noted that officers of the court are generally not subject to the exclusionary rule of witnesses. The court further observed that the enforcement of the exclusionary rule is a matter which rests within the sound discretion of the court. Here Schrader fails to demonstrate any abuse of discretion.

■ Schrader finally contends the court erred in finding that Schrader's counsel was competent in his representation. Schrader does not point to any evidence to demonstrate any incompetency on the part of Mr. Mays but argues the court should have found that Mays told Schrader before his guilty plea that a deal had been made and for that reason the guilty plea was actually involuntary. In its findings the court stated it did not believe the testimony of Schrader on his conversation with Mays prior to the guilty plea.

Of course, the credibility of the witness was for the trial court. *Bonner v. State*, 535 S.W.2d 289, 292[5] (Mo.App.1976). Here the court did not believe Schrader and this was certainly within the province of the court. No evidence was introduced to show any inadequacy in the conduct of Schrader's counsel.

The findings of fact and conclusions of law are not clearly erroneous and the judgment is affirmed. Rule 27.26(j).

All concur.