**Robert Carlton DAVIS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 30774.**

Missouri Court of Appeals, Western District.

April 7, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1980.

Application to Transfer Denied June 10, 1980.

Stephen C. Scott, Columbia, Court-appointed, for movant-appellant.

John Ashcroft, Atty. Gen., Phillip M. Koppe, Earl W. Brown, III, Asst. Attys. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Time-inspired misgivings as to pleas of guilty to robbery in the first degree by means of a dangerous and deadly weapon (Sections 560.120 and 560.135, RSMo 1969) and kidnapping (Section 559.240, RSMo 1969) resulting in concurrent sentences of fifteen years and four years respectively obviously prompted Robert Carlton Davis to seek post-conviction relief by way of a Rule 27.26 motion. The trial court, partially in a summary manner and partially after benefit of an evidentiary hearing, denied post-conviction relief to Davis.

On appeal, the first of seven points relied on by Davis relates to a ground for relief which was denied without an evidentiary hearing, the second relates to a procedural

matter, and the remaining five relate to grounds for relief which were denied after an evidentiary hearing. Point (1), falling in the first category, appropriately paraphrased, is that the trial judge erred in denying Davis an evidentiary hearing on his asserted ground that the guilty plea proceeding was "defective" in that the transcript of the guilty plea proceeding first disclosed that the kidnapping charge was dismissed and then subsequently disclosed that Davis was sentenced on the kidnapping charge. Point (2), falling in the second category, appropriately paraphrased, is that the trial judge erred in refusing to disqualify himself in response to Davis's motion that he do so because he was a necessary witness regarding Davis's claim that the transcript of the guilty plea proceeding was defective. The first two points relied on by Davis upon appeal pervade two of his remaining points, (a) that the trial court erred in finding that he was not confused in entering his plea of guilty to the charge of kidnapping and that his plea thereto was not involuntary and (b) that the trial court erred in finding that he did not rely upon any false assurances as to the sentences which would be imposed upon pleading guilty, and indirectly permeate all other remaining points which are variations of the dominant theme of ineffective assistance of counsel.

Davis's second point will be adverted to at the outset because if the trial judge erred in not disqualifying himself in response to Davis's motion that he do so because he was a necessary witness regarding Davis's claim appertaining to the transcript of the guilty plea proceeding, such error, in varying degrees, so permeated all aspects of the proceedings below that it can only be excised by reversing the judgment in its entirety and remanding the cause for an evidentiary hearing on all grounds before a different judge.

A more definitive and detailed statement of facts bevels the edges of this somewhat anomalous issue. Count I of a two count information charged Davis with robbery in the first degree by means of a dangerous and deadly weapon and Count II thereof charged him with kidnapping. The cause was styled *State of Missouri v. Robert C. Davis* and assigned case number 77100417. The transcript of the guilty plea proceeding shows that Davis appeared in Division II of the Circuit Court of Boone County, the Honorable Frank Conley, presiding, on September 6, 1977, and advised that he wished to enter pleas of guilty to the charges of robbery in the first degree and kidnapping. The court then noted that pleas of guilty were entered by Davis "to Counts One and Two". The transcript then reveals that the following occurred immediately thereafter:

"Having been duly sworn by Sharon Isaacson, Deputy Circuit Clerk, Mr. Davis testified as follows:

THE COURT: This is Cause Number 407. Nolle prosequi by State as to Count Two. Defendant and sureties discharged as to Count Two." (Emphasis added.)

"EXAMINATION

*BY THE COURT:*
Q Will you for the record state your full name?
A Robbert Carlton Davis. . . ."

The trial judge, among other things, thereafter separately and specifically informed Davis as to the range of punishment for each offense, asked Davis if he had committed each of the two offenses to which Davis separately and specifically responded in the affirmative, and, as to each of the two crimes, asked Davis why he was pleading guilty to which Davis separately and specifically responded that he was pleading guilty because he committed each crime.

On the same day that Davis pleaded guilty, September 6, 1977, there was also pending in Division II of the Circuit Court of Boone County a cause styled *"State of Missouri v. Russell Dean Curry"*, same bearing case number 77100407, with respect to which on September 6, 1977, the following docket entry was made:

"COURT ROOM—DIVISION II (06–Sep–77)

F & D PRE–TRL MOT NOLLE PROSE-QUI ENTERED BY STATE AS TO COUNT(S) 2 REGARDING DEFENDANT RUSSELL DEAN CURRY. SAID COUNT(S) DISMISSED AND DEFENDANT AND SURETIES DISCHARGED THEREFROM."

The marked similarity in case numbers, 77100417 in the *Davis* case and 77100407 in the *Curry* case, has served to becloud all issues directly or indirectly associated with the guilty plea transcript.

Reverting momentarily to Davis's Rule 27.26 motion, he charged therein, among other things, that the transcript of the guilty plea proceeding was defective because it first disclosed that a nolle prosequi was entered as to Count II (kidnapping) and then disclosed that he entered a plea of guilty to the kidnapping charge. Davis then elaborated upon the paradoxical situation reflected by the transcript by alternately asserting that the trial court had lost jurisdiction over Count II or that he was so confused at the time as to render his pleas of guilty to robbery and kidnapping involuntary. The trial judge, movant, counsel for the state and counsel for movant were all listed as witnesses for this aspect of the Rule 27.26 motion.

When Davis filed his Rule 27.26 motion he concurrently filed a motion to disqualify the Honorable John Cave, Judge of Division I of the Circuit Court of Boone County, Missouri, on grounds of "bias and prejudice", which was sustained. Thereafter Davis filed a motion asking that the Honorable Frank Conley, Judge of Division II of the Circuit Court of Boone County, Missouri, voluntarily disqualify himself because of his status as an essential witness at the Rule 27.26 motion hearing regarding the patent inconsistencies mirrored by the transcript of the guilty plea proceeding. The trial judge refused to honor Davis's motion suggesting that he disqualify himself on the ground that Davis had already obtained one change of judge pursuant to Rule 51.05 and was not entitled to a second change of judge. In doing so, the trial judge failed to distinguish between a motion for change of judge

pursuant to Rule 51.05 and a motion requesting that he disqualify himself because of his status as an essential witness in a matter pending before him.

As previously noted, the trial judge refused to grant an evidentiary hearing on the ground involving the incongruous nature of the transcript of the guilty plea proceeding, and, acting in the triune capacity of witness, judge and jury, summarily denied any relief to Davis. The only light cast on the summary treatment given the ground associated with the transcript of the guilty plea proceeding is found in the "Memorandum Decision" entered by the trial judge: "It should be noted that the reference to the Court indicating that Count II was being dismissed and that Movant was mislead thereby is inaccurate. The reference in the transcript to the case being dismissed makes specific reference to a case number, not the subject of this hearing." Clearly, the matter was resolved solely on the trial judge's present recollection as to what occurred at the guilty plea proceeding.

The real issue on appeal, albeit in a sense collateral in nature, is whether the trial judge should have heeded Davis's suggestion and voluntarily disqualified himself in view of his status as an essential witness to a matter in issue before him. Resolution of this issue on appeal does not address or reach the principal issue of whether Davis was, in fact, so confused by the "nolle prosequi by [the] State as to Count Two" as to render his pleas of guilty involuntary. Appellate resolution thereof, as well as all other grounds asserted by Davis in his Rule 27.26 motion, must await another day in view of disposition of the collateral issue just mentioned.

In reality the trial judge presumed that Davis was not confused by the anomalous occurrence mirrored by the transcript of the guilty plea proceeding because he, the trial judge, was not confused. On appeal the state adopts a cavalier attitude toward the entire matter by variously arguing that (a) the trial judge's action was not "clearly erroneous", that (b) it was "clear beyond dispute that the court's reference during

the guilty plea hearing to the dismissal of Count II referred to the second count of a two count indictment in the case styled *State of Missouri v. Russell Dean Curry*", that (c) the trial judge's remarks during the proceeding pertaining to Davis's pleas of guilty "was an obvious aside made by the judge to his clerk while the appellant was taking his oath, and related to the Curry case", and that (d) the transcript of the guilty plea proceeding "demonstrates unequivocally" that Davis "voluntarily entered pleas of guilty to both counts, not just Count I." This court is unable to say with the state's celerity of conviction and positiveness that Davis was not confused. Davis's claim that the trial judge's reference to the nolle prosequi entered by the state as to Count II was confusing to him vis-a-vis the state's claim that it was not, presented a salient factual dispute which should have been resolved at an evidentiary hearing by a neutral judge unencumbered by any preconceived notions as to the atmospheric or practical context in which the abnormal or extraordinary event occurred. A courtroom event or occurrence which might not strike a seasoned trial judge as prone to generate or cause confusion, might strike an accused in a criminal case in an entirely different manner as a judge and an accused in a criminal case necessarily occupy two distinctly different vantage points. The respective physical locations of Davis, the trial judge and other pertinent participants, the events at hand, the matter of who was being vocally and physically addressed, the relationship, timewise, between disposition of the *Curry* case and the plea proceeding in the *Davis* case and anything which might shed light on whether the matter comprising the transcript discrepancy inadvertently or advertently crept into the guilty plea proceeding, appear highly relevant regarding ultimate determination of whether Davis was or was not so confused as to render his guilty pleas involuntary. The unusual and extraordinary issue injected by the guilty plea transcript in this case, conjoined with the fact that the trial judge who accepted the guilty pleas was one and the same as the trial judge who ultimately disposed of the Rule 27.26 motion, makes it impossible to ignore the trial judge's conflicting status as witness, judge and jury, and his refusal to disqualify himself strikes at the very heart of every concept of fundamental fairness and basic due process.

The vice of witness, judge and jury being rolled into one was fully explicated in *Tyler v. Swenson*, 427 F.2d 412 (8th Cir. 1970). There the principal issue was whether the trial judge in a Missouri Rule 27.26 proceeding improperly relied upon his own recollection as an evidentiary basis for denying movant's claim. The rationale for holding that the trial judge improperly did so is aptly summed up in the following excerpt, 427 F.2d at 415: "It has long been recognized under similar circumstances that a judge cannot serve as a material witness as well as the trier of fact. *United States v. Halley*, 240 F.2d 418 (2 Cir. 1957); *Terrell v. United States*, 6 F.2d 498 (4 Cir. 1925); *Maitland v. Zanga*, 14 Wash. 92, 44 P. 117 (1896); 28 Harv.L.Rev. 115 (1914). Cf. *Hale v. Wyatt*, 78 N.H. 214, 98 A. 379 (1916). As was stated in *Lepper v. United States*, 233 F. 227, 230 (4 Cir. 1916) (concurring opinion): 'Indeed, a judge presiding at a trial is not a competent witness, for the duties of a judge and a witness are incompatible. If he testifies he would have to pass upon the competency of his own testimony; and as a witness he might be regarded a partisan, and would be subject to embarrassing conflicts with counsel. The danger to the dignity of the bench, of subjecting its impartiality to doubt and of placing the defendant at an unfair disadvantage by admitting the presiding judge as a witness is very obvious.'" The Supreme Court of Missouri recently had occasion to observe in *Jackson v. State*, 585 S.W.2d 495, 497 (Mo. banc 1979), that "when the total lack of a record is coupled with allegations challenging the propriety of past actions of a presently sitting judge, we believe that basic fairness dictates that the latter disqualify in the cause and request assignment of another judge . . .". When *Tyler* and *Jackson* are read in concert, this court is constrained to hold that the trial judge erred in not disqualifying himself and requesting assign-

ment of another judge because of the incongruity raised by the guilty plea transcript.

In closing, this court fully concurs with the following admonition laid down in *Tyler v. Swenson, supra,* 427 F.2d at 417: "To avoid misunderstanding, we note that it is not our intention by this decision to retreat from the federal and state decisions which accurately point up the recognition that the trial court, familiar with the prior proceedings, generally represents the better and more expeditious forum for post-conviction proceedings. [cases cited] . . . We thus make clear, as do the above cases, that a trial judge is not to be disqualified simply because he is familiar with the proceedings and supplements the record with observations. . . . In the instant case it is particularly significant that the trial judge's recollection was the *only* testimony which refuted petitioner's claim . . .".

The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.