**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Willie B. BLACKMON, a/k/a Willie B.
Denson, Defendant-Appellant.**

No. 12973.

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 26, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 14, 1984.

Application to Transfer Denied
March 20, 1984.

John D. Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Nancy Narrow, Public Defender, Greg A. Luber, Asst. Public Defender, Benton, for defendant-appellant.

PER CURIAM.

This appeal by defendant, Willie B. Blackmon, is from his convictions, after jury trial, of two counts of assault in the second degree, § 565.060,[1] and two counts of kidnapping, § 565.110, for which he received consecutive sentences totalling 56 years.

Facts introduced in evidence, sufficient to sustain the jury verdict, were that on November 16, 1981, at about 10:30 A.M., Mrs. Betty Grisham was alone in her place of employment, which was the Western Union Office in Sikeston, Missouri. Blackmon and two other men entered the office. At that time, defendant had a stocking over his face and a pistol in his hand. Blackmon demanded money of Mrs. Grisham. When she screamed, defendant struck her in the head with the pistol. She tried to run, but he pursued and struck her in the head again. She was bleeding from her wounds, and was dazed by the blows.

Mr. Grisham, who had been outside changing a license tag on his automobile, entered the office, and was struck twice on his head with the pistol wielded by Blackmon. As a result of the blows, Mr. Grisham suffered a depressed skull fracture and head lacerations which required 45–47 stitches to close. Blackmon took Grisham's wallet, and what money he could find in the office.

The Sikeston police were notified in some fashion, not ascertainable from the record, that a robbery was in progress at the Western Union office, and went to the scene. Blackmon held Mr. and Mrs. Grisham hostage, by means of threats to kill them if they did not do as he said, and demanded $100,000 as a condition of the Grishams' release. A standoff occurred. A Sikeston police officer entered the building but was told by Blackmon that he would kill Mrs. Grisham if the officer did not go. The officer left the building, and telephone negotiations commenced between defendant and Sikeston police for the release of the Grishams.

About noon, the two men who had entered with defendant left the building and surrendered to the police. Blackmon would not allow Mr. and Mrs. Grisham to leave, and kept them confined in the office by threats of death and bodily harm. Mr. Grisham was eventually released about 4 P.M. Telephone negotiations continued throughout the night. Mrs. Grisham was not released until 6 A.M. the following morning, at which time Blackmon threw out his pistol and surrendered to the police. Blackmon's defense was not guilty by reason of mental disease or defect.

Defendant's first point relied on in his appeal is that the trial court erred in denying his request to represent himself at the

1. Unless otherwise indicated, all references to statutes are to Revised Statutes of Missouri, RSMo 1978, and all references to rules are to Missouri Rules of Court, V.A.M.R.

trial. Blackmon was represented at trial by attorney Scott E. Walter. The trial judge initially agreed to let Blackmon proceed pro se, but, after reading a psychiatric report stating that defendant demonstrated poor judgment and had a mental disorder, reversed his position and required Blackmon to proceed with benefit of counsel.

Since self-representation necessarily requires the relinquishment of a constitutional right to counsel, a defendant charged with a crime cannot represent himself until the trial judge is convinced that defendant has made a knowing and intelligent waiver of his right to counsel. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938). In deciding the waiver question, a determination must be made as to whether the defendant is mentally competent to understand the ramifications of a waiver. *State v. Nicolosi,* 588 S.W.2d 152, 156 (Mo.App.1979). This determination rests exclusively within the sound discretion of the trial court. *State v. Wagner,* 587 S.W.2d 299, 301 (Mo.App.1979). Based upon the psychiatric report referred to, we cannot say the trial judge abused his discretion by insisting that Blackmon stand trial with the assistance of legal counsel. The point is denied.

Point II contends that the trial court erred in proceeding with Blackmon's trial without holding a sua sponte competency hearing, in violation of § 552.020. This issue was not preserved for review, since no objection was made to the failure to hold such a hearing at time of trial, or in Blackmon's motion for new trial. Rule 29.11(d); *State v. Van Orman,* 642 S.W.2d 636, 638–639 (Mo.1982); *Pickens v. State,* 549 S.W.2d 910, 914 (Mo.App.1977). The point is denied.

In his third point, defendant requests that we substitute our judgment for that of the jury by determining that he was suffering from a mental disease or defect excluding responsibility at the time of the assaults and kidnapping. The jury determined that Blackmon was not. As an alternative, he argues that § 552.030(7) is unconstitutional "because it improperly shifts the burden of proof as to an essential element to the appellant." We glean from this that he means that because of presumptive sanity, defendant is required to prove insanity to avail himself of that defense. Blackmon's sanity, or lack of it, was a jury issue. *State v. Greenhaw,* 553 S.W.2d 318, 322–323 (Mo.App.1977). While defendant's evidence contained the opinion of Dr. Daniel that Blackmon was unable to conform his conduct to the requirements of law or to appreciate the nature of the crimes he committed, the jury was not bound by such opinion. *State v. Holmes,* 439 S.W.2d 518, 521 (Mo. 1969). The question was a jury issue, the jury decided it against Blackmon, and there are no legal grounds for us to quarrel with their determination. As to the constitutionality of the statute, we have no jurisdiction to determine that question. Art. V, § 3, Missouri Constitution. The point is denied.

In his fourth point, Blackmon alleges that his convictions for assault and kidnapping violated his U.S. constitutional right against double jeopardy. He states that the assaults merged into the kidnappings as incident to the forcible confinement of the victims and it was, therefore, error to charge him with separate offenses.

In cases where a defendant is charged with two or more crimes arising out of the same series of events, and each crime requires proof that the others do not, there is no double jeopardy, even if there is a substantial overlap in the proof offered to establish the crimes. *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 1293, 43 L.Ed.2d 616 (1975); *State v. Holmes,* 622 S.W.2d 358, 359–360 (Mo.App.1981); *State v. Gormon,* 584 S.W.2d 420, 424–425 (Mo. App.1979).

Section 565.110 states that a person commits the crime of kidnapping if he unlawfully confines another without that person's consent for the purpose of a) holding that person for ransom, or b) using that person as a shield. The statute does not require actual force as an element of "confines." One who submits to being confined

through fear of force is kidnapped, and the actual use of force is not a necessary element of the kidnapping statute. *State v. Estes,* 562 S.W.2d 142, 146 (Mo.App.1978).

■ The assault statute, § 565.060, under which Blackmon was convicted, requires proof of a fact not required of the kidnapping statute, which is physical injury. The pistol-whippings of Mr. and Mrs. Grisham, which caused physical injury to both, occurred before they were unlawfully confined by Blackmon through fear of death or further force by him if they did not submit. The assaults shown in evidence made a case of assault, and the confinements shown through fear of force for the purpose of obtaining ransom money made a case of kidnapping, independent of the assault evidence. The double jeopardy argument has no merit, under the facts of this case. The point is denied.

In his fifth point of claimed error, Blackmon contends that his due process rights granted him by the United States and Missouri Constitutions were violated because David Mann, the Associate Circuit Judge who conducted his preliminary hearing, should have disqualified himself, sua sponte, from conducting the preliminary hearing because Judge Mann was one of the persons Blackmon talked to on the telephone during the lengthy negotiations that led to the release of the hostages.

Judge Mann, by affidavit, admitted the conversation, and said it related to questions of whether charges would be filed against Blackmon if he released the hostages and, if convicted of the crimes he had committed, what prison sentence Blackmon could likely receive. The affidavit also stated that the judge had advised the attorney for Blackmon of the conversation in question before the preliminary hearing started.

■ A defendant's substantive rights are not affected by a preliminary hearing. In fact, such a hearing is not even a part of the constitutional right to due process. *Collins v. Swenson,* 443 F.2d 329 (8th Cir.1971); *State v. Day,* 506 S.W.2d

497, 500 (Mo.App.1974). We recognize the fact that a judge should disqualify himself, sua sponte, when he has personal knowledge of facts that makes it likely he will be a material witness in the case. Judicial Canon 3(C)(1)(d). Under the circumstances here, Judge Mann should have disqualified himself. However, there is nothing in the record showing that Blackmon's attorney objected to Judge Mann conducting the preliminary hearing, and the point was not raised in defendant's motion for new trial. The issue has not been preserved for review. *State v. Walsh,* 624 S.W.2d 526, 529 (Mo.App.1981). Plain error review under Rule 29.12 is not justified as there is no showing in the record, nor has defendant alleged, that any ruling or action of Judge Mann made during the preliminary hearing resulted in prejudice to him. We do not find any miscarriage of justice, or manifest injustice in Judge Mann's failure to disqualify himself. The point is denied.

■ In his sixth allegation of trial court error, Blackmon contends that the use of the phrase "knowingly caused serious physical injury" in the two first degree assault instructions (Nos. 5 and 7) was somehow confusing to the jury. He proclaims that the instructions should have demanded that the jury find that he was "aware of the nature and quality or wrongfulness of his conduct" prior to being able to find him guilty of first degree assault.

MAI–CR2d 19.02 "Assault in the First Degree" states ". . . knowingly caused serious physical injury to . . . ." The Notes on Use, paragraph 3, states that various terms used in this instruction, including the word "knowingly", *may be* defined on the court's own motion without a request, and must be defined upon written request in proper form by the state or by the defendant. Blackmon made no such request. Further, he made no objection at trial to these instructions, neither were they raised in his motion for new trial. Therefore, this matter has not been preserved for appellate review. *State v. Kennedy,* 596 S.W.2d 766 (Mo.App.1980).

**650**

■ Even if this claimed error had been preserved for our review, instructional errors cause a reversal only when the defendant has been prejudiced. *State v. Davis,* 608 S.W.2d 437 (Mo.App.1980). The only prejudice Blackmon alleges possible by this claimed error is that the instructions were "confusing [to] the jury as to the choices available to them regarding their verdict." Blackmon readily admits he could find no case law to support this claimed error, and we have found none. Blackmon was not convicted of first degree assault, as given in the two complained of instructions, but was convicted of second degree assault. This allegation is pointless as the law is quite clear that a defendant cannot complain of an instruction on an offense for which he was not convicted. *State v. Frank,* 639 S.W.2d 209, 211 (Mo.App.1982). We do not find any error, prejudicial or otherwise, or that manifest injustice resulted to Blackmon as a result of the giving of Instructions No. 5 and 7 (first degree assault).

■ In his seventh point, Blackmon alleges ineffective assistance of trial counsel due to his counsel's failure to 1) investigate and interview potential witnesses, 2) disqualify the preliminary hearing judge, 3) cross-examine one of the assault victims regarding statements made at the preliminary hearing about Blackmon's unusual actions, and 4) in failing to withdraw as counsel for reason of personal bias.

The record before us is silent as to the facts supporting such allegations and, therefore, we are not able to ascertain whether they are true, or to make a determination that trial counsel was incompetent. *State v. Lindley,* 545 S.W.2d 669, 671 (Mo.App.1976). The point is denied.

■ Blackmon's eighth and final point is a sweeping assertion that the evidence before the jury was insufficient as a matter of law to support the convictions of assault and kidnapping. The point, as written, does not state wherein and why the trial judge erred, does not state what trial court actions are to be reviewed by us, and does not summarize what evidentiary facts are lacking to sustain the convictions. In addition, no citations of authority were given to support the argument, and counsel again admits "authority found is all against appellant on this issue." The point demonstrates gross noncompliance with Rule 30.-06(d) and is not reviewable. Plain error review shows the evidence was sufficient to sustain the convictions in question here. The point is denied.

The four judgments of conviction and resultant sentences for the crimes of kidnapping and second degree assault are affirmed.

All concur.