Squire LOGAN, III, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 37178.

Missouri Court of Appeals,
Western District.

May 6, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1986.

Joseph H. Locascio, Sp. Public Defender, Office of Special Public Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and BERREY, J., and ROPER, Senior Judge.

PER CURIAM.

Logan was convicted of two counts of robbery in the second degree, § 569.030, RSMo 1978, and sentenced to consecutive terms of fifteen years imprisonment. The convictions and sentences were upheld on direct appeal. *See, State v. Logan,* 645 S.W.2d 60 (Mo.App.1982). Logan then filed a pro se Rule 27.26 motion which alleged, inter alia, that he was denied effective assistance of counsel by his attorney's failure to call certain alibi witnesses as well as his failure to request a cautionary instruction regarding accomplice testimony. After counsel was appointed to represent Logan, an amended motion, incorporating by reference the grounds set forth in the pro se motion, was prepared and filed. The motion was denied without evidentiary hearing and Logan now appeals.

Reasons set forth below dictate that the judgment be reversed and remanded.

On appeal, Logan complains of two alleged errors. First, he contends that the trial court lacked jurisdiction to rule upon the motion in that the judge, named in Logan's pro se motion as a witness, erroneously failed to disqualify himself pursuant to Rule 51.07. Second, he reasserts his claim that failure by his trial attorney to call alibi witnesses and to request a cautionary instruction regarding accomplice testimony served to deprive him of effective assistance of counsel.

■ By his first point on appeal, Logan contends that the Honorable William J. Peters, the judge who presided over both the Rule 27.26 proceeding and the underlying criminal trial, was obligated by Rule 51.07 to disqualify himself from ruling upon the post-conviction relief motion and that his failure to do so rendered his order thereon void in that a judge who breaches his duty to disqualify himself loses jurisdiction over the pending matter. Accepting for purposes of this appeal, but without deciding the matter, that Logan correctly states the consequences of a judge's failure to disqualify himself *sua sponte* pursuant to Rule 51.07 where circumstances warranting such disqualification exist, this point is nevertheless without merit.

Logan claims that Judge Peters was bound to disqualify himself from presiding over the Rule 27.26 proceedings due to the fact that he was named in the pro se motion as a "primary witness to be called." It is argued that the judge, having been put on notice by such designation that he was to be a material witness, bore an interest in the pending litigation sufficient to dictate his *sua sponte* disqualification. Logan relies on *State v. Blackmon,* 664 S.W.2d 644 (Mo.App.1984), and *Davis v. State,* 598 S.W.2d 582 (Mo.App.1980), for support. Such reliance is misplaced.

■ Disqualification of the judges challenged in *Blackmon* and *Davis* was required by their personal involvement in and/or personal knowledge of the cases

before them. It is not alleged nor does it otherwise appear from the record that Judge Peters had any special knowledge or involvement regarding Logan's case other than that derived from sitting at the underlying criminal trial. Mere familiarity with the underlying proceedings does not disqualify a trial judge presiding over post-conviction relief proceedings. *Tyler v. Swenson*, 427 F.2d 412 (8th Cir.1970); *Davis, supra*, at 586. In fact, absent a conflict, the original court is recognized as generally the better and most expeditious forum for the subsequent action. *Id.*

Neither Logan's motion nor his appellate brief indicate the substance of the judge's anticipated testimony and based on the record before us, this court can only conclude that Logan intended for him to testify regarding the events at trial. Inasmuch as a court may judicially notice its own prior records, *Schrader v. State*, 561 S.W.2d 734, 735 (Mo.App.1978), Judge Peters was not needed as a witness for that purpose. This case presents no basis for disqualification for cause and this point is denied.

Logan's second contention on appeal is that his motion was improperly denied without an evidentiary hearing in that his claims of ineffective assistance were sufficient to entitle him to such hearing.

Appellate review of an order entered on a motion for post-conviction relief is strictly limited by Rule 27.26(j) to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. For that reason, the trial court is required to make specific findings of fact and conclusions of law on all issues presented. Rule 27.26(i); *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). A mere recital or statement that the motion, files and record conclusively refute movant's claim for relief will not suffice nor will findings and conclusions be supplied by implication from the trial court's ruling. *Fields, supra*, at 483.

In the case at bar with regard to Logan's claims of ineffective assistance, the trial court made only the following statement: "There was no ineffective as-

sistance of counsel and in fact defense counsel did everything possible and adequately did represent movant." As noted in *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App.1983), findings and conclusions satisfy the *Fields* requirement of specificity if they are sufficient to allow for meaningful review on appeal. Here, the trial court's cursory denial of relief failed to rise to that level. Indeed, the court's ruling fails to disclose whether the claim of ineffectiveness due to counsel's failure to call alibi witnesses and to request a cautionary instruction was even considered and, if so, that relief was properly denied without, according Logan, an evidentiary hearing. Review of this point could be accomplished, if at all, only through substantial resort to implication of the sort prohibited by *Fields*. Therefore, the judgment must be reversed and the case remanded for further consideration and entry of more complete findings of fact and conclusions of law. *Huffman v. State*, 668 S.W.2d 255, 256 (Mo. App.1984), and cases cited therein.

The judgment is reversed and cause remanded for further consideration consistent with this opinion.