**STATE ex rel. Squire LOGAN III, Relator,**

v.

**The Honorable William J. PETERS, Respondent.**

**No. WD 38603.**

Missouri Court of Appeals, Western District.

Nov. 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

Application to Transfer Denied Feb. 17, 1987.

Mark G. Camacho, Asst. Sp. Public Defender, Kansas City, for relator.

Albert A. Riederer, Pros. Atty. by Robert Frager, Asst. Pros. Atty., Kansas City, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

Before BERREY, P.J., and PRITCHARD and LOWENSTEIN, JJ.

This is an action in prohibition. Logan's convictions of two counts of second degree robbery were affirmed in *State v. Logan*, 645 S.W.2d 60 (Mo.App.1982). He filed a Rule 27.26 motion pro se. The special public defender was appointed to represent him and filed an amended motion which alleged ineffective assistance of counsel for failure to call alibi witnesses and failure to request a cautionary instruction on accomplice liability.

The respondent denied the Relator's 27.-26 motion without evidentiary hearing. On appeal in *Logan v. State*, 712 S.W.2d 9 (Mo.App.1986), the relator made two claims of error. The first was the judge failed to disqualify himself under Rule 51.07 since the judge was to be called as a witness for Logan. *Id.* at 10. He was not successful on that point. His second point on appeal was for the failure of the trial court to conduct an evidentiary hearing. A reversal and remand was mandated for failure of the trial court judgment to make specific findings of fact and conclusions on all issues as required in Rule 27.26(i). The opinion stated no appellate review on that point could have been possible with nothing more

in the record than the words, "[T]here was no ineffective assistance of counsel and in fact defense counsel did everything possible and adequately did represent movant," *Id.* at 11. The mandate of this court reversed and remanded, for "further consideration and entry of more complete findings of fact and conclusions of law, consistent with this opinion." Within two days the relator filed for a change of judge pursuant to Rule 51.05(a). The respondent judge ordered he would, unless prohibited, overrule the application for change of judge. This court issued a preliminary rule to prohibit him from overruling the motion. Summarized, and as is applicable here, Rule 51.05 requires the judge, upon timely application, to allow for a change. The application must be filed thirty days before the trial date or within five days after a trial setting, whichever is the later. Rule 51.05(b).

The respondent basically argues the motion for change of judge is untimely as no "new trial" was mandated on remand, but only for "further consideration," which is interpreted by respondent to mean to flesh out, without hearing, the findings and conclusions.

That argument cannot be sustained. Whether the mandate after the 27.26 appeal specifically so stated, it would be impossible, on these facts, to make findings and conclusions on alibi witnesses or cautionary instructions without concluding a hearing. In the interest of a swift adjudication of the matter, *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193, 196 (Mo. banc 1972), the court rules the reversal and remand in *Logan v. State, supra,* was for an evidentiary hearing, a trial. *Logan, v. State, supra,* having ordered a new trial, the merits of the motion not being susceptible to decision without an evidentiary hearing, amounts to a "trial" within the meaning of Rule 51.01. Therefore, the change of judge should have been granted. Cf. *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168, 171 (Mo.App.1978). The relator's motion was not untimely under 51.05(b) and pursuant to 51.05(e) the respondent is pro-

hibited from denying the application. The preliminary rule in prohibition is made absolute, except that respondent may sustain the motion for change of judge action under Rule 51.05.