**Jewell MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39049.**

Missouri Court of Appeals,
Western District.

Sept. 8, 1987.

Joseph H. Locascio, Sp. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

PER CURIAM.

Appellant Jewell Moore appeals the denial, without evidentiary hearing, of his Rule 27.26 hearing to vacate his conviction. Moore pled guilty to one count of forcible sodomy, and was sentenced to a ten-year term of imprisonment. He then filed a pro se Rule 27.26 motion which alleged the following grounds for post-conviction relief: (1) that he was denied effective assistance of counsel because his attorney did not inform him about the elements of the offense, his attorney did not inform him that the victim had given inconsistent statements, and his attorney failed to prevent the state from preparing to use "photographs of the Movant as being a convicted person" at trial; and, (2) that the evidence was insufficient as a matter of law to support his conviction because the victim's statements were not credible. His pro se motion was not amended.

We reverse and remand for the reasons set forth below.

■ On appeal, Moore contends that the trial court erred by overruling his motion to vacate without evidentiary hearing because the court failed to make findings of fact and conclusions of law on all issues raised by his motion. Appellate review of

an order entered on a motion for post-conviction relief is strictly limited by Rule 27.-26(j) to a determination whether the findings, conclusions, and judgment of the trial court are clearly erroneous. *Logan v. State*, 712 S.W.2d 9, 11 (Mo.App.1986). As a result, in ruling on the motion, whether with or without an evidentiary hearing, the court must make findings of fact and conclusions of law on all issues presented, pursuant to Rule 27.26(i). *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). A mere recital or statement that the motions, files and records conclusively show that movant is entitled to no relief will not suffice, nor will findings and conclusions be supplied by implication from the trial court's ruling. *Id.; Logan, supra,* 712 S.W.2d at 11.

■ In the case at bar, the trial court's summary order denying Moore an evidentiary hearing and post-conviction relief contained only the following statement: "The Court finds and concludes that the motion, files, records and transcript of the criminal case conclusively show that the prisoner is entitled to no relief." Findings and conclusions satisfy the requirement of specificity in the rule if they are sufficient to allow for meaningful review on appeal. *Logan, supra,* 712 S.W.2d at 11. The court's ruling does not reveal whether the claim of ineffectiveness due to counsel's failure to adequately inform defendant of the elements of the offense was even considered or whether relief was properly denied without an evidentiary hearing.

The judgment is reversed and the case remanded for further consideration and granting of an evidentiary hearing or entry of more complete findings of fact and conclusions of law in compliance with Rule 27.26(i).