**Glen ROGERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56472.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1990.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Glen T. Rogers, appeals from a memorandum order granting, in part, his Rule 27.26 motion. Appellant pled guilty on January 6, 1986, to second degree murder and was sentenced to fifty years imprisonment. The motion court granted appellant's Rule 27.26 motion and ordered that appellant be resentenced. Appellant received a thirty year term of imprisonment upon resentencing on November 7, 1988. Appellant's request for leave to file late notice of appeal to this court was granted. We remand.

Appellant advanced two claims in his Rule 27.26 motions. First, appellant claimed that his original sentence of fifty years exceeded the statutory maximum for second degree murder as this court had held in *State v. Liggins,* 725 S.W.2d 75, 77 (Mo.App., E.D.1987). In *Liggins,* this court held that, where a term of years is imposed, the maximum punishment for second degree murder is thirty years imprisonment. *Id.* The motion court entered an order on October 3, 1988, granting appellant relief on this claim and ordered that appellant be resentenced.

Appellant's second claim was that his trial counsel was ineffective in failing to adequately inform him of the proper range of sentencing for second degree murder and that this rendered his plea involuntary. The motion court, in its order granting partial relief, never addressed this particular claim.

Former Rule 27.26(i) required the motion court to make findings of fact and conclusions of law on each claim for relief. While it could be implied that the motion court ruled adversely to appellant on this claim since the court granted partial relief, an appellate court will not supply findings and conclusions by implication. *Logan v. State,* 712 S.W.2d 9, 11 (Mo.App., W.D. 1986).

Since we find that the motion court erred in failing to comply with Rule 27.26(i), we remand the case back in order that findings and conclusions can be made regarding appellant's ineffective assistance claim.

REINHARD and CRIST, JJ., concur.