# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2169

_____

| | | |
|---|---|---|
| Willie Blackmon, also known as | * | |
| Willie B. Denson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| William Armontrout, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 16, 2003

Filed: March 12, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Pursuant to Fed. R. Civ. Proc 60(b)(4), Willie Blackmon moved for relief from the judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court[1] construed the motion as a "second or successive" petition, and dismissed it because Blackmon failed to get authorization from this court pursuant to 28 U.S.C. § 2244(b)(3). The district court granted a certificate of appealability on

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

the issue whether the 60(b)(4) motion should be construed as a "second or successive" petition. We affirm.

On November 16, 1981, Willie Blackmon and two other men robbed the Western Union Office in Sikeston, Missouri. While doing so, Blackmon held a Western Union employee, Betty Grisham, and her husband hostage after pistol whipping both of them. In September 1982, a Missouri jury convicted Blackmon of two counts of kidnaping and two counts of assault. The state court sentenced Blackmon to fifty-six years in prison. State v. Blackmon, 664 S.W.2d 644, 647 (Mo. Ct. App. 1984).

In June 1986, Blackmon filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Relying upon Faretta v. California, 422 U.S. 806 (1975), Blackmon alleged he was denied the right of self-representation when the state trial court held he was competent to stand trial, but incompetent to defend himself. The district court denied the petition on January 25, 1988, and we affirmed. Blackmon v. Armontrout, 875 F.2d 164 (8th Cir. 1989).

Twelve years later, Blackmon filed a motion for relief from judgment under Fed. R. Civ. Proc. 60(b)(4), again claiming he was denied the right of self-representation. Blackmon contended his self-representation claim was evaluated incorrectly because the Supreme Court later held the same standard applies both to the ability to stand trial, and the ability to represent oneself. Godinez v. Moran, 509 U.S. 389, 397-99 (1993). Blackmon argues the rule announced in Godinez should be applied retroactively to his case, and that he can raise this issue in a Rule 60(b)(4) motion. We disagree.

Rule 60(b) motions filed in the district court, which present the same claim raised in an earlier habeas proceeding, should either be construed as a second or successive petition and dismissed, or construed as a request for authorization under

-2-

§ 2244(b)(3) and transferred to this court . <u>Boyd v. United States</u>, 304 F.3d 813, 813 (8th Cir. 2002); <u>see also</u> <u>Mathenia v. Delo</u>, 99 F.3d 1476, 1480 (8th Cir. 1996) (holding Rule 60(b) motion should be construed as successive habeas petition when it raises "grounds identical to grounds heard and decided on the merits in [a] previous petition") (quoting <u>Sawyer v. Whitley</u>, 505 U.S. at 333, 338 (1992)); <u>Felker v. Turpin</u>, 101 F.3d 657, 661 (11th Cir. 1996) ("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before [AEDPA] was enacted and it is equally true, if not more so, under the new act").

To the extent this appeal can be considered a request for authorization from this court for permission to file a second or successive petition, we deny the request. Blackmon does not meet the standard for obtaining authorization to file a second or successive petition because he cannot show <u>Godinez</u> is a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). <u>Godinez</u> might be a new rule of constitutional law, but only the Supreme Court can make the decision retroactive for purposes of collateral review. <u>Tyler v. Cain</u>, 533 U.S. 656, 662 (2001). The Supreme Court has not made the new rule announced in <u>Godinez</u> retroactive to cases on collateral review.

We affirm the district court's dismissal.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We deny all the pending motions and requests made pro se by Blackmon because they are without merit.